**STAFFORD, Plaintiff-Appellant, v. STAFFORD, Defendant-Appellee.**

Ohio Appeals, Second District, Franklin County.

No. 5277.   Decided February 9, 1956.

Abraham Gertner, Columbus, for plaintiff-appellant.

King & Gross, Gale R. King, of Counsel, Columbus, for defendant-appellee.

(NICHOLS, PJ, GRIFFITH, J, of the Seventh District, FESS, J, of the Sixth District, sitting by designation in the Second District.)

## OPINION

By GRIFFITH, J.

This is an appeal on questions of law from a judgment of the Common Pleas Court of Franklin County reducing to $15.00 per week the order for the support of two minor children of the parties to this action.

On May 26, 1953, in a divorce action, the Court ordered the defendant to pay $150.00 per month for the support of the two minor children.  At that time, the defendant was employed by the Kroger Company at a salary of $500.00 per month.

On August 26, 1954, the Court found the defendant in contempt for failure to pay the full amounts ordered for the support of the children and ordered him to purge himself by the payment of $25.00 per month on the arrearage in addition to the payment of $150.00 per month theretofore ordered and awarded the plaintiff judgment against the defendant for the sum of $375.00.

In September, 1954, the defendant lost his position with the Kroger Company and with the exception of ten days employment in the postal service during the Christmas Holidays of 1954, he has been unemployed. He has been drawing $35.00 per week unemployment compensation since November, 1954.

On October 22, 1954, the Court, after hearing, found that the defendant was unemployed and suspended the order for support for one month commencing October 18, 1954. On November 18, 1954, the defendant filed a second motion to reduce the support order. Hearing was had, and the Court, on January 17, 1955, reduced the order of support to $30.00 per week.

On January 24, 1955, the defendant filed a motion to reconsider its order of January 17th. Hearing was had on this motion on February 9, 1955, and the Court, upon reconsideration, reduced the order to $15.00 per week for the support of the minor children. It is from this order that this appeal is before us.

The original divorce decree reads, "That upon agreement of the parties, it is by the Court ordered and so forth." It is admitted that a written agreement had been entered into between the parties, as to the disposition of some of the real property and, in that agreement, it was stated that the support should be $150.00 per month.

The plaintiff contends that, in the face of this agreement, the Court is deprived of the power to alter the same, except when necessary, for the protection of the children. This contention, it seems to us, is not tenable.

In the case of **Seitz v. Seitz, 156 Oh St 516**, the syllabus reads:

"1. Where, in the decree in a divorce action the trial court adjudges that the husband pay a certain amount each week for the support of minor children 'until further order of this court,' that court retains jurisdiction to modify the order as changed circumstances may require. (**Tullis v. Tullis, 138 Oh St 187**, distinguished.)

"2. Such jurisdiction is not lost by reason of the fact that the original support order was adjudged in conformity with the amount named in an agreement of separation and property settlement previously executed by the parties and approved by the court."

It was incumbent upon the defendant to show a change of circumstances, and the changed circumstances must be substantial.

The order for $30.00 per week was made on January 17, 1955. Upon reconsideration, this was reduced on February 9, 1955, to $15.00 per week. Even in this short period of time, conditions were changing for the defendant. He had searched for work and found none. His field of possibilities for employment was diminishing. He was unemployed through no fault of his own.

Of course, the real change of circumstances dated back to the time Kroger let him out when his $500.00 per month income was cut off. The plaintiff complains that the trial court confused wages with unemployment benefits. Be it called by what term it may, his only compensation at the time of the hearing on February 9, 1955, was his unemployment weekly checks.

The trial court has the jurisdiction, and the duty to hear the defendant's motion for reconsideration and reduction and to determine whether the support order should be reduced. In making the order complained of, we are unable to say that it abused its discretion.

Judgment affirmed.

NICHOLS, PJ, FESS, J, concur.