SMITH, APPELLEE, *v.* SMITH, APPELLANT.

(No. 741—Decided April 19, 1963.)

*Mr. Cyrus P. Kahl*, for appellee.

*Messrs. Kimble, Schapiro, Stevens, Harsha & Harsha*, for appellant.

COLLIER, P. J.   On September 7, 1961, in the Common Pleas Court of Scioto County, a divorce was granted to Opal Smith, plaintiff-appellee, herein referred to as the plaintiff.   In the divorce decree the defendant-appellant, Gordon Smith, herein designated the defendant, was ordered to pay the plaintiff $35 per week for the support of three minor children of the parties and also ordered to pay the mortgage installments on the dwelling owned by the parties as tenants in common, which, by agreement of the parties and the order of the court, was to be maintained as a home for the children.

On September 5, 1962, when the defendant was in default of payment of two monthly mortgage installments, he filed a motion to modify the former order by reducing the payment for the support of the children, claiming a financial inability to comply with the order.   In the hearing on the motion to modify the former order, the court sustained plaintiff's objection to the introduction of any evidence to support the motion on the following grounds:

(1) The rule pronounced in the case of *Tullis* v. *Tullis*, 138 Ohio St., 187, which holds:

"A decree in a divorce action, unconditionally fixing the amount and method of payment by the husband for the support of a minor child pursuant to and in accordance with a previous contract of separation between the husband and wife providing for complete property settlement and support to their minor child, which contract is specifically approved by the court and made a part of the decree, may not, in the absence of fraud or mistake, be subsequently modified by the court so as to lessen the amount of support for such minor child."

(2) That the defendant, admittedly being in default, was not entitled to seek reduction of the amount fixed in the divorce decree.

(1) It will be observed that in the *Tullis case* the amount and method of payment by the husband for the support of his

child was fixed pursuant to and in accordance with a previous contract of separation between the husband and wife providing a complete property settlement and support for their minor child and that the contract was specifically approved by the court and made a part of the decree.

An examination of the journal entry in the instant case reveals only one mention of an agreement between the parties, and this is in relation to the occupancy of the dwelling as a home for the children. Except for this one brief hint in this one statement, the entry is devoid of any reference to a separation agreement or approval of such an agreement by the court. A court speaks only through its journal, and in the absence of any mention of a separation agreement of the parties relating to the amount to be paid for the support of the children, the rule pronounced in the *Tullis case* has no application.

Assuming, however, the existence of a separation agreement between the parties, the hard and fast rule laid down in the *Tullis case* would not apply in the instant case for the reason that the order for the payment for the support of the child in the *Tullis case* was an unconditional order, while in the present case the order was to be effective only ''until the further order of the court.'' It will be noted that in the divorce decree in the present case the court expressly reserved jurisdiction with respect to the amount to be paid for the support of the children.

In the case of *Seitz* v. *Seitz*, 156 Ohio St., 516, involving such a conditional order, it was held:

''1. Where, in the decree in a divorce action the trial court adjudges that the husband pay a certain amount each week for the support of minor children 'until further order of this court,' that court retains jurisdiction to modify the order as changed circumstances may require. * * *

''2. Such jurisdiction is not lost by reason of the fact that the original support order was adjudged in conformity with the amount named in an agreement of separation and property settlement previously executed by the parties and approved by the court.''

The order for the support of the children in the case at bar, being a conditional order, the rule in the *Seitz case*, and not the rule in the *Tullis case*, clearly applies. For further author-

ity see *Newman* v. *Newman*, 161 Ohio St., 247, and *Stafford* v. *Stafford*, 73 Ohio Law Abs., 579.

(2) In certain situations in divorce actions, as where a party has violated a previous order or failed to comply with such order, the court may be justified in denying such party affirmative relief. This is especially true in matters relating to the custody of a child, as in the unreported case No. 705, *Simon* v. *Simon*, Scioto County, which is cited in the briefs. But where the question to be determined is the inability of the party to pay an amount previously fixed, a different rule prevails. If payment in full, as fixed in the former order, is a condition precedent to the court's power to reduce the payments, and the party becomes absolutely unable to pay, the order would remain unalterable and regardless of defendant's inability to pay, the order could never be changed.

In our opinion, payment in full of the former order is not a prerequisite to the right of the defendant to adduce evidence showing any change in conditions and circumstances relating to the support of the minor children. The purpose of the court reserving jurisdiction in such matters is to give the court an opportunity to review the evidence and modify the order in accordance with circumstances as they develop later in the lives of the children.

Our conclusion is that the trial court had jurisdiction and the duty to hear the defendant's motion for a reduction of the amount previously fixed in the divorce decree and that the court erred in rejecting such evidence. The judgment is, therefore, reversed and the cause remanded to the Common Pleas Court with instructions to hear and determine the motion upon the evidence presented.

*Judgment reversed and cause remanded.*

BROWN and CARLISLE, JJ., concur.