LINDA K. MACAULEY, FORMERLY LINDA K. FUNK *v.* CHRISTOPHER M. FUNK.

[No. 2-775A164. Filed February 2, 1977.]

*Robert E. Poynter, Bennett, Boehning & Poynter*, of Lafayette, *Kevin Kelly*, of LaSalle, Illinois, for appellant.

*John K. McBride, Ball, Eggleston, Bumbleburg & McBride*, of Lafayette, for appellee.

## CASE SUMMARY

ROBERTSON, C.J.—Plaintiff-appellant, Linda K. Macauley (Linda) appeals from the trial court's denial of her petition to modify support and its award of attorney fees against her and in favor of the defendant-appellee Christopher M. Funk (Christopher.)[1]

We affirm.

The facts in the record relevant to this appeal are as follows: Linda filed for divorce in July, 1971. By her motion, the trial date in September was reassigned ten days earlier. The Clerk's notification of this change never reached Christopher, nor did Linda inform him of the change of date. A divorce was granted to Linda in September, 1971. Christopher discovered that the divorce had been granted in his absence and that his ex-wife's apparent representations to the court were er-

---

1. The instant case was transferred from the Second District to this office in order to lessen the disparity in caseloads between the districts.

roneous. Simultaneously, he discovered that she had extravagantly used charge cards in his name just before obtaining the divorce. An agreed modification of the divorce decree was entered to the satisfaction of both parties on December 22, 1971. Linda received custody of their two minor children, and Christopher was ordered to pay $125.00 per month child support. By an order entered in February, 1972, the court sustained a motion filed by Christopher and cited Linda for contempt for failure to pay the charge account bills as ordered in the modified decree.

In May, 1974, Linda filed her petition to increase support payments. Christopher then filed a motion to enforce contempt citations and for attorney's fees for prior hearings on contempt citations and present hearing on support modifications. At the time of the divorce, both parties had recently finished graduate studies at Purdue University. Linda and Christopher each remarried. At the time of the support hearing, Linda was employed as a biology laboratory technician, earning a salary of approximately $7,000.00 in 1972 and $11,300.00 in 1973. In early 1972, Christopher began a commodities future brokerage business. After this business broke up a year later, he began a new partnership. In 1972 he had no taxable income, and in 1973 he had a taxable income of over $85,000. After a severe downturn in the market and losses in the business's accounts in early 1974, Christopher sold his interest in the partnership. He was still unemployed at the time of the support hearings.

The trial court denied the petition for support modification, held the contempt citation purged, and awarded Christopher partial attorney fees.

After a rehearing in response to Linda's first motion to correct errors, the trial court entered a new judgment essentially unchanged from the first, as described in the preceding paragraph. A second motion to correct errors was filed and denied, and this appeal follows.

Appellant Linda presents the following four issues for our review:

I. Whether the trial court abused its discretion in denying an increase in support.

II. Whether the trial court abused its discretion in awarding to Christopher $760.00 in attorney fees.

III. Whether the trial court was improperly biased in its decision to deny a modification in the support order.

IV. Whether the trial court committed reversible error in ordering Linda to produce joint income tax returns which showed the income of her husband.

On appeal, the award or denial of a modification of a support order, now under IC 1971, 31-1-11.5-17 (Burns Code Ed. 1976 Supp.), is reviewable only for abuse of discretion. *Carlile* v. *Carlile* (1975), 164 Ind. App. 615, 330 N.E.2d 349.

Since the appellant, Linda, was the petitioner in the trial court, she had the burden of showing "changed circumstances so substantial and continuing as to make the terms unreasonable." IC 1971, 31-1-11.5-17 (Burns Code Ed. Supp.) ; *See: Inkoff* v. *Inkoff* (1974), 159 Ind. App. 239, 306 N.E.2d 132. Linda contends that her husband did not bear his burden of proof, by providing sufficient evidence in mitigation or defense, that he was unable to pay the additional sums requested for his children's support. *Crowe* v. *Crowe* (1965), 247 Ind. 51, 211 N.E.2d 164. However, the trial court found against Linda because she did not carry *her* ultimate burden to prove substantially changed circumstances. The court found: ". . . [t]here isn't any evidence as to what her expenses were at the time the divorce decree was entered. I have no reason to doubt that they probably have gone up, most people's expenses have gone up, but there's nothing on which any comparison could be made . . ." Appellant Linda, asks us to weigh her husband's evidence and her own. How-

ever, since her petition was denied, the appeal of this first issue is taken from a negative judgment and does not represent an appealable issue. We adopt the holding stated in *Inkoff, supra,* at 306 N.E.2d 134:

"Because his petition was denied, this appeal is taken from a negative judgment.

When the case is viewed in this light, any attack by Inkoff upon the sufficiency of the evidence before the trial court can be of no avail to him. This is because an allegation of insufficient evidence by a party who had the burden of proof below and who is appealing from a negative verdict presents no issue for review. *Monon Railroad, etc.* v. *N.Y. Central R. Co., etc.* (1967), 141 Ind. App. 277, 227 N.E.2d 450. Clearly, appellant-Inkoff's contentions of evidentiary insufficiency cannot be sustained.

Furthermore, determinations of proper child support in divorce proceedings are committed to judicial discretion, and will not be disturbed on appeal unless an abuse of that discretion is apparent. *Bill* v. *Bill* (1972), [155] Ind. App. [65], 290 N.E.2d 749, 34 Ind. Dec. 545. Such abuse must be apparent upon the face of the record, and it must be clearly against the logic and effect of the facts and circumstances before the court, or the reasonable, probable and actual deductions to be drawn therefrom. *Draime* v. *Draime* (1961), 132 Ind. App. 99, 173 N.E.2d 70 (transfer denied). The decision of the court and the reasons stated therefor in *Draime* are applicable to the child support determination of the trial court in the case at bar:

"The Appellate Court, unlike the lower court, is subjected neither to the physical presence of the parties nor the emotions or motivations of the appellant and appellee. This court has no authority to weigh the evidence, and the decision reached herein is based solely upon the record and authority as presented in the briefs of the parties. Our purpose is to see that the judgment is just, and that the laws of this state are observed and upheld. In light of the above it is the opinion of this court that appellant has not shown where the trial court's judgment is either an abuse of discretion or contrary to law. Therefore the decision of the lower court must be upheld." (At 105 of 132 Ind. App., at 73 of 173 N.E.2d)"

Linda next contends that the trial court erred in ordering her to pay a portion of her former husband's attorney fees.

Prior to September 4, 1973, a husband had no statutory or common law basis upon which to petition for attorney fees or suit money in a divorce proceeding. Therefore, Christopher had no cause of action or right of recovery for payment of his attorney's fees for services rendered in connection with the trial court proceedings in this cause which occurred in 1971 and 1972.

Linda argues in her biref that because no timely or proper application or petition for attorney fees was presented during the divorce proceedings in 1971 and 1972, her former husband had no right to later apply for attorney fees for such proceedings after the divorce decree was entered which fixed the rights of the parties. We need not reach this issue because we have found that her divorced husband could not petition for attorney fees at the time the original and modified decrees were entered. Christopher's only claim, therefore, concerned the proceedings commencing in 1974.

The Indiana divorce statute was subsequently amended in 1973, and the relevant section of the new Dissolution of Marriage Act now provides:

"The Court from time to time may order a party to pay a reasonable amount for the cost to the other party of maintaining or defending any proceeding under this chapter [31-1-11.5-1—31-1-11.5-24] and for attorney's fees, including sums for legal services rendered and costs incurred prior to the commencement of the proceedings or after entry of judgment. The court may order the amount to be paid directly to the attorney, who may enforce the order in his name." IC 1971, 31-1-11.5-16 (Burns Code Ed. 1976 Supp.).

Trial courts have broad discretion in granting attorney fees. *Delong* v. *Delong* (1974), 161 Ind. App. 275, 315 N.E.2d 412; *Farley* v. *Farley* (1973), 157 Ind. App. 385, 300 N.E.2d 375. On appeal, the only question presented is whether the trial court abused this discretion by its decision to grant payment of attorney fees. *Dragoo* v. *Dragoo* (1962), 133 Ind. App. 394, 182 N.E.2d 434.

In its final judgment the trial court ordered Linda to pay "the sum of $760.00, representing that portion of the defendant's attorney fees reasonably and necessarily incurred in connection with all matter presently pending before this court." It is clear that the trial court did not award attorney fees for services rendered in prior proceedings. The final judgment also makes no reference to perjured statements or previous conduct. We find, therefore, that Linda has not shown a clear abuse of discretion by the trial court.

As her third issue, Linda contends that the trial court was biased in its decision to deny her motion for modification of the support order. Appellant has waived this issue by her failure to present an argument supported by authority or citations. Ind Rules of Procedure, Appellate Rule 8.3(A)(7).

The fourth issue argued by Linda is that the trial court erred in ordering her to produce joint income tax returns showing the income of her second husband as well as her own. However, on direct examination, as well as on cross-examination, Linda testified to the court concerning the joint and individual incomes of both herself and her husband. Whether admissible or not, the tax forms were merely cumulative in nature. Separate evidence of the incomes of both Linda and her husband was admitted without objection. Therefore, the order by the court to produce the joint tax forms, which were never admitted into evidence, if erroneous, was harmless under Ind. Rules of Procedure, Trial Rule 61. *Coffey* v. *Wininger* (1973), 156 Ind. App. 233, 296 N.E.2d 154. "Cumulative evidence, whether admitted or not, is not grounds for reversal." *Loudermilk* v. *Feld Truck Leasing Co. of Indiana* (1976), 171 Ind. App. 498, 358 N.E.2d 160.

Further, Linda may not, in her motion to correct errors and on appeal, predicate error on the acceptance of testimony

unless she made timely and specific objection in the trial court. *Cooper* v. *State* (1976), 171 Ind. App. 350, 357 N.E.2d 260. Linda waived her right to object to the consideration by the trial court of the joint incomes of her and her husband.

Furthermore, there is sufficient evidence in the record of a substantial increase in Linda's own income, a lack of evidence of a substantial change in circumstances which would make the present payments unreasonable, and evidence that Christopher's financial situation was unstable, all from which the trial court, in its discretion, could reasonably have decided that no change in the support order was necessary for the welfare of the children.

Linda has failed to demonstrate an abuse of discretion by the trial court in its denial of an increase in support and in its award of attorney fees.

We affirm.

Lowdermilk and Lybrook, JJ., concur.

NOTE.—Reported at 359 N.E.2d 611.