Marvin E. SWINNEY, Appellant (Respondent Below),

v.

Pamela T. SWINNEY, Appellee (Petitioner Below).

No. 2–880–A–279.

Court of Appeals of Indiana, Second District.

April 30, 1981.

Rehearing Denied June 10, 1981.

John R. Hammond, Indianapolis, for appellant.

Howard J. DeTrude, Jr. and A. Thomas Cobb, Kightlinger, Young, Gray & DeTrude, Indianapolis, for appellee.

SHIELDS, Judge.

Appellant Marvin E. Swinney (Husband) appeals the division of property made in a dissolution decree. Husband raises three issues for review. However, we find it necessary to address only the following issue: Was the marital property distributed in a just and reasonable manner?

We reverse.

Mr. and Mrs. Swinney were married on February 24, 1960. Husband, a college graduate, is employed by the State of Indiana. His net pay at the time of the final dissolution hearing was $412 every two weeks.[1] Wife has not graduated from either college or business school, but since 1962 she has been employed by an accounting firm in a full or part-time capacity. Wife currently earns $165 net per week.

During their marriage, wife's father gave three parcels of real property *to both* parties. This real estate was sold during the marriage and the net profit, totalling approximately $30,000, was invested in their present residence or used to pay living expenses and purchase furniture. In 1976, wife's father cancelled the $26,000 mortgage he held on their newly-built residence after they had made interest payments for three years.

At best the trial court awarded Husband approximately 3% of the total marital assets, consisting of a 1980 Pontiac with a net value of $1,300 [2] and some paintings having only sentimental value. Wife was given 97% of the marital assets having a total value of $43,970 and consisting of the following assets:

| | | |
|---|---|---|
| (1) 1975 Pinto | $ | 900 |
| (2) Savings Account | | 1,010 |
| (3) Checking Account | | 60 |
| (4) Household goods | | 2,000 |
| (5) House | | 40,000 [3] |
| | $ | 43,970 |

Husband complains that the trial court's division of the property was an abuse of discretion in that the property was not divided in a just and equitable manner. Husband contends that, when one considers the end result of the trial court's property distribution, there is an inference that the trial court did not utilize the "one pot theory" or that the trial court considered the gifts from wife's father to have been made only to wife.

■ The issue then is whether the trial court abused its discretion in dividing the property. The standard of review for this court is whether the result reached is clear-

1. Testimony revealed that Husband shortly after the final hearing would receive a 3% plus $450 annual raise.

2. When the parties separated, Husband took with him a 1979 Omni automobile. The Omni was subsequently wrecked and Husband used the insurance proceeds to purchase the 1980 Phoenix and incurred a debt in the amount of $6,000.

3. The evidence is conflicting as to the exact value of the family residence. Husband testified the house was worth $80,000 to $85,000. Wife believed the house to be worth $60,000, but felt with today's economy only a $40,000 sale price could be received. The parties have approximately $40,000 invested in the house.

ly against the logic and effect of the facts and circumstances before the trial court, including any reasonable inferences that might be drawn therefrom. *In re Marriage of Osborne*, (1977) Ind.App., 369 N.E.2d 653; *In re Marriage of Miles*, (1977) 173 Ind.App. 5, 362 N.E.2d 171; *Geberin v. Geberin*, (1977) 172 Ind.App. 255, 360 N.E.2d 41. We will not reweigh the evidence and we will consider only that evidence and the reasonable inferences drawn therefrom which are most favorable to appellee wife. *Jackman v. Jackman*, (1973) 156 Ind.App. 27, 294 N.E.2d 620.

IC 31–1–11.5–11(a) (Burns Code Ed., Repl.1980) provides marital property shall be divided "in a just and reasonable manner." The statute then continues to set forth the factors the trial court shall consider in determining what is just and reasonable.[4]

■ The term "just" invokes a concept of fairness and of not doing wrong to either party; however, "just and reasonable" does not necessarily mean equal or relatively equal. *In re Marriage of Osborne*, (1977) Ind.App., 369 N.E.2d 653, 656. Because a substantial contribution by one spouse under one subparagraph may be offset by the contribution by the other spouse under another subparagraph, the trial court must look to the total circumstances when determining what is just and reasonable and have a rational basis for its action to avoid error. *Id.* at 657.

■ The evidence presented to the trial court does not justify an award of 97% of the marital property to wife. A close examination of the statutory factors fails to reveal a rational basis for a distribution so totally favoring wife.

IC 31–1–11.5–11(a)(1) permits the trial court to consider "the contribution of each spouse to the acquisition of the property, including the contribution of a spouse as a homemaker." We conclude that the "contribution" envisioned under this subsection refers to assets acquired through the efforts of the parties as opposed to those acquired through the existence of a blood or other relationship or status. In this case, neither spouse actually contributed toward the "acquisition" of the marital property. Although both husband and wife were employed during the marriage, the property over which the parties now quarrel was primarily acquired by gift. The trial court at best could find wife contributed more than husband via her employment and homemaker status, but not to such an extent as to provide a rational basis for a 97% award.

IC 31–1–11.5–11(a)(2) allows the trial court to consider "the extent to which the property was acquired by each spouse prior to marriage or through inheritance or gift." In this case *both* husband and wife acquired the gifts from wife's father, so the parties stand in parity under this consideration. Nowhere within IC 31–1–11.5–11(a) is the trial court permitted to consider the *source* of gifts acquired during the marriage. Hence, the trial court's distribution cannot be justified on the basis that the gifts were given to the parties by wife's father.

■ IC 31-1-11.5-11(a)(3) provides that the trial court shall consider "the economic circumstances of the spouse at the time the distribution of the property is to become effective, including the desirability of awarding the family residence, or the right

---

**4.** "In determining what is just and reasonable, the Court shall consider the following factors:

(1) The contribution of each spouse to the acquisition of the property, including the contribution of a spouse as a homemaker;

(2) The extent to which the property was acquired by each spouse prior to the marriage or through inheritance or gift;

(3) The economic circumstances of the spouse at the time the disposition of the property is to become effective, including the

desirability of awarding the family residence or the right to dwell therein for such periods as the Court may deem just to the spouse having custody of any children;

(4) The conduct of the parties during the marriage as related to the disposition and dissipation of the property;

(5) The earnings or earning ability of the parties as related to a final division of property and final determination of the property rights of the parties."

to dwell therein for such periods as the court may deem just, to the spouse having custody of any children." The evidence reveals the parties are in virtually the same economic circumstances. How good or bad the circumstances are depends upon the trial court's division of the marital assets, the only assets of the parties. Thus, on this consideration the parties are in parity. The decree does give wife custody of the children of the marriage, for whom husband is ordered to pay weekly support. While we feel custody may well be enough by itself to support the custodial parent's use of the family residence for a period of time, we feel that fact alone will not support an award of the residence to the wife when the residence is, in essence, the sole marital asset. Without some other offsetting factor, such an award is not just and reasonable. Thus, subsection (3) is a consideration when there are other marital assets which would offset the award of the family residence, that is, when the family residence does not so totally dominate the sum total of the marital assets. Under the facts in this case, IC 31–1–11.5–11(a)(3) does not, in and of itself, provide a rational basis for the trial court's distribution of the marital property.

IC 31–1–11.5–11(a)(4) provides that the court shall consider "the conduct of the parties during the marriage as related to the disposition or dissipation of their property." The evidence before the trial court did not show that either husband or wife acted in a fashion causing an excessive dissipation of marital assets, therefore subsection (4) could not be a rational basis for sustaining the trial court's award.

IC 31–1–11.5–11(a)(5) states that the court shall consider "the earnings or earning ability of the parties as related to a final division of property and final determination of the property rights of the parties." Wife's earning capacity is somewhat less than husband's but the disparity is not so great as to justify the trial court's disproportionate property award.

Looking at all of the factors of IC 31–1–11.5–11(a) and considering all elements in favor of wife, there is a striking lack of a rational basis for awarding wife 97% of the marital property. Indeed, it appears the trial court did not consider the family residence, which was primarily the result of gifts from wife's father, to be a part of the "marital pot." Indiana case law makes it clear that inherited or gift property is not to be excluded from the marital assets. The spirit of IC 31–1–11.5–11 requires gift property be treated as a marital asset. *Wilson v. Wilson*, (1980) Ind.App., 409 N.E.2d 1169, 1174. While the trial court here did not expressly make findings of fact which excluded the residence from the marital pot, the results raise a strong inference that such was the case. "It has been said that this court will presume that the trial court complied with IC 31–1–11.5–1." This presumption is rebutted when it is apparent from the results that the court improperly applied the statute. *Id.*

We find that the marital property was not divided in a just and reasonable manner and that such constitutes an abuse of discretion. Therefore, this case is remanded to the trial court for a redetermination of the property division.

Reversed and remanded.

BUCHANAN, C. J., and SULLIVAN, J., concur.