Marvin E. SWINNEY,
Respondent-Appellant,

v.

Pamela T. SWINNEY,
Petitioner-Appellee.

No. 2-880A279.

Supreme Court of Indiana.

Oct. 6, 1981.

John R. Hammond, Indianapolis, for appellant.

Howard J. DeTrude, Jr., Peter G. Tamulonis, A. Thomas Cobb, Kightlinger, Young, Gray & DeTrude, Indianapolis, for appellee.

HUNTER, Justice, dissenting to denial of transfer.

I dissent from the denial of transfer in this case. Although the arithmetical disparity in the division of property is unusually high, there are many unique circumstances which support the trial court's judgment. The marriage of Marvin Swinney and Pamela Swinney was dissolved on April 7, 1980. They had been married for approximately twenty years and have two children, Michael, age 15, and Michele, age 11. Both parties agreed that Pamela should have custody of the children. The division of property, however, was a matter of dispute. After taking the matter of the property settlement under advisement, the trial court awarded the family residence, which was the only major asset of the parties, to Pamela. Marvin appealed this award, and the Court of Appeals reversed the trial court, finding that "the marital property was not divided in a just and reasonable manner and that such constitutes an abuse of discretion." Swinney v. Swinney, (1981) Ind.App., 419 N.E.2d 996, 999.

It is well settled that the trial court is not required to divide the marital property equally between the parties. Rather, our statute requires the court to divide the property "in a just and reasonable manner." Ind.Code § 31-1-11.5-11 (Burns 1980 Repl.); Dahlin v. Dahlin, (1979) Ind.App., 397 N.E.2d 606; Wilson v. Wilson, (1980) Ind.App., 409 N.E.2d 1169; In re Marriage of Hirsch, (1979) Ind.App., 385 N.E.2d 193. The trial court has broad discretionary power in determining the disposition of property and the reviewing court does not weigh the evidence, but examines the division only for an abuse of discretion. Wilcox v. Wilcox, supra; Eppley v. Eppley, (1976) 168 Ind.App. 59, 341 N.E.2d 212. If, from that viewpoint, there is substantial evidence to support the finding of the trial court, it will not be disturbed, even though we might have reached a different conclusion had we been the triers of fact. Meehan v. Meehan, (1981) Ind., 425 N.E.2d 157; Macauley v. Funk, (1977) 172 Ind.App. 66, 359 N.E.2d 611.

The record here discloses many unique circumstances that support the trial court's award. The parties here had been married approximately twenty years and had two children. Marvin was a college graduate and was employed by the State of Indiana with a net salary of $412 every two weeks. Pamela had not graduated from either college or business school but had been employed by an accounting firm since 1962. She earned a net salary of $165 per week. During the marriage, Pamela's father gave three gifts of real property to the couple. The rental income from this property was used to pay debts of the marriage and living expenses during a period of eight months when Marvin did not work. The profit from the sale of this property was used as the basis for the purchase in 1972 of their present family residence. At that time, Pamela's father loaned the couple $26,000 to finish paying for the home. This loan was secured by a mortgage signed by both Pamela and Marvin. For three years, the couple paid only the interest on the loan. Then, one Christmas, Pamela's father

sent the mortgage to them marked "paid" as a Christmas gift.·

The Court of Appeals summarized the division of property in the following manner:

"At best the trial court awarded Husband approximately 3% of the total marital assets, consisting of a 1980 Pontiac with a net value of $1,300 and some paintings having only sentimental value. Wife was given 97% of the marital assets having a total value of $43,970 and consisting of the following assets:

"(1) 1975 Pinto ................ 900
(2) Savings Account ............. 1,010
(3) Checking Account ........... 60
(4) Household goods ............ 2,000
(5) House .................... 40,000
                              $ 43,970

"Husband complains that the trial court's division of the property was an abuse of discretion in that the property was not divided in a just and equitable manner." *Swinney v. Swinney, supra,* at 997 [footnotes omitted].

It is clear that the reviewing court can look at the trial court's judgment only from the viewpoint of determining whether the result reached is clearly against the logic and effect of the facts and circumstances before the trial court, including any reasonable inferences that might be drawn therefrom. *In re Marriage of Julien,* (1979) Ind. App., 397 N.E.2d 651. Using this standard, no abuse of discretion was found in cases where the wife was awarded 94% of the marital assets, *Lewis v. Lewis,* (1977) 172 Ind.App. 463, 360 N.E.2d 855, or where the wife was awarded nearly all of the marital property, *Libunao v. Libunao,* (1979) Ind. App., 388 N.E.2d 574; *Johnson v. Johnson,* (1976) 168 Ind.App. 653, 344 N.E.2d 875.

Under the specific facts of this case, I do not feel the trial court's award was clearly against the logic and effect of the circumstances before the court. Although the property was acquired by gifts to the couple, our statute does not prohibit the court from considering the source of the gifts and the realities of the situation. From the facts in this case, the obvious inference to be drawn was that Pamela was the true object of her father's bounty and affection. The manner in which the title was held was not determinative of the true nature of the gift, and the court was not prevented by the mere form of the title from considering all of the relevant circumstances underlying the acquisition of the property.

The court was certainly allowed to consider the fact that *all* the gifts came from Pamela's father. Marvin contributed nothing to the actual acquisition of the property in this case. He could not show that he contributed more than Pamela to the maintenance and upkeep of any of the property either, since Pamela was employed outside the home during most of the marriage in addition to being a full-time homemaker and rearing the two children. Evidence showed that she performed a great deal of the necessary maintenance and upkeep work on the property as well, including seeding the lawn and blacktopping the driveway. Although Marvin's education and earning capacity were greater than Pamela's, there is no evidence that he substantially added to the couple's property holdings at any time during the marriage.

The award of the family residence to Pamela was logical and just in this case. This residence was the only major asset of the parties; it was agreed that Pamela, as the custodial parent, needed to live in the residence at least until the minor children were grown. There was evidence that Marvin had contributed nothing to the actual acquisition of the property and had contributed less than Pamela for its maintenance. Marvin was given the newer of the couple's two cars and was offered some of the more valuable household furnishings which he refused, saying he would rather let the children have the use of them. The trial court was not bound by the manner in which the title to the property was held. Rather, that was only one circumstance which the court had to consider. We must presume that the court considered all the required statutory factors in this case as well as all the unique facts and circumstances including the source of the funds used for the acquisition

of the property and the contributions made by both parties during the marriage.

The trial court's award in this case was just and reasonable even though it was arithmetically uneven, and I find no clear abuse of discretion. I would grant transfer, reverse the Court of Appeals, and affirm the judgment of the trial court.

PIVARNIK, J., concurs.