In re the MARRIAGE OF Diane E. WILEY, Appellant (Plaintiff-Respondent below),

and

James G. Wiley, Appellee (Defendant-Petitioner below).

No. 2–682A156.

Court of Appeals of Indiana,
Second District.

Jan. 24, 1983.

Michael C. Cook, Dawn Sturwold, Wooden, McLaughlin & Sterner, Indianapolis, for appellant.

Maureen E. Gaddy, Thomas Michael Quinn, Jr., Clark, Clark, Pappas & Quinn, Indianapolis, for appellee.

SHIELDS, Judge.

Diane E. Wiley (Wife) appeals the trial court's judgment on the Verified Petition for Modification of Decree and Judgment for Absolute Divorce filed by her former husband, James G. Wiley (Husband), and her Motion to Dismiss and to Cite Defendant for Contempt.

The issues on appeal are whether the trial court erred:

1) in finding a substantial and continuing change of circumstances sufficient to support a modification of child support;

2) in making the modification retroactive to the hearing date;

3) in failing to determine Husband's liability for incurred and accrued college expenses;

4) in granting Husband relief when he was in violation of terms of the divorce decree;

5) in failing to condition the grant of relief to Husband upon his purging himself of his contempt;

6) in ordering deferred payment of the support arrearage; and

7) in describing the unemancipated adult children as "minor children."

We reverse in part and affirm in part.

Husband and Wife were divorced June 19, 1974. The decree awarded Wife custody of the parties' three children and ordered Husband to:

"pay through the Clerk of this Court $50.00 per week per child for the support and maintenance of said children and is ordered to pay all major medical, occular[sic] and dental expenses for said children and to provide funds for their college education and special educational needs and expenses."

Record at 4.

On April 30, 1980 Husband filed a petition to modify the decree's provisions regarding the weekly support. Wife, on June 17, 1980, filed a consolidated motion to dismiss and cite for contempt. She alleged Husband was in violation of the divorce decree provisions concerning support, alimony, life insurance, and educational expenses and, on that basis, sought dismissal of Husband's petition to modify weekly support and his punishment for contempt.

A hearing on the petition and motion was held October 21, 1980. At that time, the motion to dismiss was denied and the petition to modify and motion for contempt citation were taken under advisement. On December 30, 1981, the trial court entered its Findings of Fact, Conclusions of Law, and Judgment from which this appeal is taken.

I.

Wife first attacks the trial court's determination,

"There has been a substantial change in the circumstances of the parties justifying a modification herein."

Record at 91, on the basis of which the court ordered:

"1. The Decree and Judgment of Absolute Divorce entered and filed on June 19, 1974 in this matter is hereby modified as follows:

(a) The support of said minor children from and after October 21, 1980, is hereby modified so that the support for said minor children is $50.00 per week,

except that when said children are enrolled as full time students in a college or university, said support shall be reduced to $25.00 per week during such time.

(b) Petitioner-Defendant's obligation for the payment of college expenses shall be one-half of the amount equal to the cost of books, tuition, room and board as they would be at a State owned or sponsored university within the State of Indiana.

"2. The Petitioner-Defendant shall pay the Respondent-Plaintiff's attorney the sum of $1,701.00 within 120 days of the date hereof.

"3. Petitioner-Defendant is found in contempt in arrears and support in the amount of $3,950.00 payable at the rate of $50.00 per week until paid and is further found in arrears as of date of hearing in alimony payments in the sum of $8,125.00."

Record at 93.

■ On appeal, a modification of a support order pursuant to I.C. 31–1–11.5–17 (Burns Code Ed., Repl.1980) is reviewable only for abuse of discretion. *Macauley v. Funk*, (1977) 172 Ind.App. 66, 359 N.E.2d 611. I.C. 31–1–11.5–17 provides that while orders for child support may be modified, "[s]uch modification shall be made only upon a showing of changed circumstances so substantial and continuing as to make the terms unreasonable." When the trial court determines substantial and continuing changes in the circumstances of the parties have occurred so as to warrant a change in the order, the amount of the award is within the sound discretion of the court. *Jahn v. Jahn*, (1979) Ind.App., 385 N.E.2d 488. Further,

"[W]hen confronted with such a petition to modify, the trial court must consider the totality of the circumstances involved in order to ascertain whether the modification is warranted." *Jahn*, 385 N.E.2d at 491–92.

It is only where the result reached is clearly against the logic and effects of the circumstances before the court that an abuse of discretion will be found. *Macauley*, 359 N.E.2d at 614.

■ With this standard before us, we turn to Wife's assertions of error. In examining the finding [1] supporting this determination of "a substantial change in the circumstances," we discover the trial court used inconsistent formulas in computing Husband's disposable income in 1974 as compared to 1980.[2] This inconsistency forces us to reverse and remand the judgment modifying Husband's support and college expense obligation.

The trial court specially found Husband's disposable income for 1974 was $34,569 after taxes, child support, and alimony. It further specially found his disposable income for the first nine months of 1980 was $5,700 after payment of taxes and child support. However, the evidence does not support these findings.

The evidence, construed most favorably to the judgment, reveals the trial court deducted Husband's taxes and child support and alimony obligations from his gross income of $60,413 for 1974 and called the balance of $34,569 his 1974 disposable income. However, in arriving at his 1980 disposable income of $5,700 the evidence, so construed, reveals the trial court deducted not only Husband's taxes and child support and alimony payments from his gross income of $58,300, but also deducted business

---

1. "At the time of the granting of the divorce in 1974, Respondent-Plaintiff herein was making $100.00 per month. However, in 1979, Respondent-Plaintiff received a gross salary of $66,000.00 plus insurance benefits, plus the use of an automobile and all automobile expenses through Park Development Corporation. Petitioner-Defendant in this matter in 1974, at the time of the granting of the divorce herein, had a disposal [sic] in-

come of $34,169.00 [sic] after taxes, child support and alimony. Evidence showed that in 1980, after payment of taxes and child support, his disposable income through September 30, 1980 would have been $5,700.00." Record at 91.

2. The inconsistency also appears in the computation of disposable income for the intervening years.

expenses, life insurance premiums, furniture debts, and notes and interest.

We do not express an opinion as to the propriety of deducting any particular item from gross income to arrive at disposable income. However, we cannot condone inconsistencies in any formula when its use forms the basis for the conclusion a substantial change in circumstances exists. The comparison is necessarily invalid.

The uncontradicted evidence is Husband also had expenses in 1974 for life insurance premiums and interest and indebtedness which were not deducted from his gross income to arrive at his 1974 disposable income. If these expenses, over and above taxes, child support, and alimony, were not included in determining 1974 disposable income, they cannot be included in determining 1980 disposable income because, necessarily, their comparison to determine, in part, the existence of a substantial change in circumstances is inaccurate.

For example, using the same means of computation as was used in 1974, and allowing Husband deductions for business expenses and one-half of the life insurance premium, we find Husband's disposable income in 1980 to be $26,050 without deducting accrued, but unpaid, child support and $23,450 with deducting accrued, but unpaid, child support.[3] Therefore, the trial court's judgment modifying the amount of weekly support and college education contribution is erroneous because it is based, in part, upon a finding that it is not supported by the evidence. Accordingly, we reverse that portion of the trial court's judgment.

## II

Wife asserts the trial court's modification of the decree effective as of the date of hearing (October 21, 1980) rather than the date of judgment (December 30, 1981) is contrary to law. Wife argues the trial court's action constitutes a retroactive modification of support. Due to our reversal and remand on issue one, this second issue is not viable on appeal. Nevertheless, we address it because it may recur upon remand.

■ Retroactive modification of support is error. *Jahn,* 385 N.E.2d at 490. However, the trial court did not make a retroactive modification within the meaning of *Jahn* and its progeny. Here Husband filed a petition to modify, signaling an apparent significant and continuing change in circumstances warranting a modification of the dissolution decree. This fact differentiates this case from one where a trial court grants modifications for payments due and payable prior to the filing of the petition to modify.

The question of payments accruing after the filing of a modification request is one of first impression in Indiana. However, a majority of the courts of other states which have considered the question have held a trial court may make modifications effective as of the date the petition is filed. *Trezevant v. Trezevant,* (1979) D.C., 403 A.2d 1134 (increase); *Movius v. Movius,* (1974) 163 Mont. 463, 517 P.2d 884 (decrease); *Goodman v. Goodman,* (1962) 173 Neb. 330, 113 N.W.2d 202 (decrease). *See* 6 A.L.R.2d 1328 § 24 (1949) (decrease); 52 A.L.R.3d 165 § 4 (1973) (increase).

Further, the Uniform Marriage and Divorce Act follows the majority rule. Marriage and Divorce Act § 316, 9A U.L.A. 183 (1974).[4] Colorado adopted the Uniform Act

---

3.

| | 1974 | | 1980 (1/1/80 – 9/30/80) | |
|---|---|---|---|---|
| $60,413 | – Gross Income | $58,300 | – Gross Income | |
| –16,969 | – Taxes | –22,000 | – Business Expenses | |
| $43,444 | | $36,300 | | |
| – 4,500 | – Child Support | –7,000 | – Taxes | |
| – 4,375 | – Alimony | $29,300 | | |
| $34,569 | – Disposable Income | –3,250 | – Life Ins. on Children | |
| | | $26,050 | – Disposable Income | |
| | | [–2,600] | – Child Support | |
| | | [$23,450] | – Alternative Disposable Income | |

The 1980 figures do not include that part of Husband's life insurance premium which is not required by the dissolution decree, furniture debt, and notes and interest.

4. "[T]he provisions of any decree respecting maintenance or support may be modified only as to installments accruing subsequent to the motion for modification and only upon a showing of changed circumstances so sub-

and allows modifications effective as of the filing date of the modification petition. *In re Marriage of Edwards,* (1977) 39 Colo. App. 26, 560 P.2d 849. *See also Brettschneider v. Brettschneider,* (1982) 113 Misc.2d 861, 449 N.Y.S.2d 912 (Alimony may be awarded effective to date of filing of divorce); *Quick v. Quick,* (1982) 305 N.C. 446, 290 S.E.2d 653 (On remand, alimony may be awarded retroactive to first divorce hearing); *Barrett v. Barrett,* (1981) S.D., 308 N.W.2d 884 (Trial court granted support back to date of first divorce hearing.)

■ We adopt the majority rule and hold a trial court has discretion to make a modification relate back to the date a petition to modify is filed. It follows, then, a trial court has discretion to make the modification effective as of any ensuing date after a petition to modify is filed.

Having determined the trial court had discretion to relate its modification back to the hearing date, we would ordinarily review for abuse of discretion in the selection of the date. However, Wife does not present an argument on the issue of abuse; therefore, we do not reach this issue.

We hold the trial court did not err in making the modification retroactive to a date subsequent to the date the petition for modifications was filed.

### III

■ The trial court's judgment resolved the issue raised by Husband's petition to modify but resolved only part of the issues raised by Wife's motion for citation. The judgment is silent on the issue of Husband's alleged noncompliance with the college education expense provision as it existed in the original decree. Wife asserts the omission as error and we agree. A judgment must dispose of all issues of fact and law. *Isler v. Isler,* (1981) Ind.App., 422 N.E.2d 416, 421. We remand this issue.[5]

### IV

■ Wife preliminarily attacked Husband's petition to modify by a motion to dismiss on the grounds Husband was "in violation" of the divorce decree in several respects.[6] She asserts the trial court's denial of her motion to dismiss was erroneous, arguing a trial court is without power to hear or grant relief to a party who is in "contempt" of a trial court order. We disagree. While Wife has failed to direct our attention to any cases on this particular issue,[7] we find the holding of *Smith v. Smith,* (1963) 118 Ohio App. 276, 194 N.E.2d 168, 170 persuasive:

"In certain situations in divorce actions, as where a party has violated a previous order or failed to comply with such order, the court may be justified in denying such party affirmative relief.... But where the question to be determined is the inability of the party to pay an amount previously fixed, a different rule prevails. If payment in full, as fixed in the former order, is a condition

---

stantial and continuing as to make the terms unconscionable...."
Marriage and Divorce Act § 316, 9A U.L.A. 183 (1979).

**5.** The judgment's failure to resolve all issues between the parties deprives the judgment of finality and, accordingly, appealability without the certification allowed under Ind.Rules of Procedure, Trial Rule 54(B). However, rather than *sua sponte* dismiss this appeal, we use the discretion vested in this court by Ind.Rules of Procedure, Appellate Rule 4(E) to address the determined issues because they are totally distinct, severable and are determinable without prejudice to the parties in the required subsequent proceedings. Further, we perceive some

of the determined issues as ones which have been troublesome to the bench and bar and whose resolution will be beneficial.

**6.** The trial court found

"Petitioner-Defendant is found in contempt in arrears and [sic] support in the amount of $3,950.00 payable at the rate of $50.00 per week until paid and is further found in arrears as of date of hearing in alimony payments in the sum of $8,125.00."

**7.** Wife does cite *Traylor v. By-Pass 46 Steakhouse,* (1972) 259 Ind. 244, 285 N.E. 820, for the proposition that "one who seeks relief from a court of equity must have clean hands."

precedent to the court's power to reduce the payment, and the party becomes absolutely unable to pay, the order would remain unalterable and regardless of defendant's inability to pay, the order could never be changed.

"In our opinion, payment in full of the former order is not a prerequisite to the right of the defendant to adduce evidence showing any change in conditions and circumstances relating to the support of the minor children. The purpose of the court reserving jurisdiction in such matters is to give the court an opportunity to review the evidence and modify the order in accordance with circumstances as they develop later in the lives of the children."

We hold the trial court had the power to hear and grant Husband relief while Husband was in default of the obligations of a prior divorce decree even though the default constituted a contempt.

## V

■ Wife further asserts the trial court abused its discretion in not conditioning the grant of relief to Husband upon Husband purging himself of his contempt. The exercise of discretion is reversible only when its exercise is against the logic and effect of the facts and circumstances before the court, or the reasonable, probable, and actual deductions to be drawn therefrom. Wife's bare assertion of abuse does not convince us the trial court's action violated this standard of review.

We hold the trial court's grant of relief to Husband while he was in contempt of court is not an abuse of discretion.

## VI

■ Wife alleges the payment of fifty dollars per week on the support arrearage is so insufficient as to constitute an abuse of discretion. Again, we find no abuse. Given the facts, the trial court was well within its discretionary power to set that payment amount. Fifty dollars is a significant amount and yet does not invite further lapses by Husband. Payment of the support arrearage is a legitimate goal that may best be served in this case by deferred payments of fifty dollars per week. We cannot and will not substitute our judgment for that of the trial court. See 27B C.J.S. *Divorce* § 263 (1959).

## VII

The final asserted error concerns the use by the trial court of "minor children" to describe the parties' adult children. Because we find it is clear to whom the trial court referred, we hold the error in description is harmless. However, because this cause is being otherwise reversed and remanded, the trial court may choose to correct the misdescription.

The judgment modifying the support and college expenses is reversed and cause remanded for further proceedings not inconsistent with this opinion on that issue and for determination of the issue of alleged nonpayment of previously ordered college education expenses. The judgment is affirmed on the issues of weekly support arrearages, alimony arrearage, and attorney fees.

BUCHANAN, C.J., and SULLIVAN, J., concur.