## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Mar 07 2017, 9:21 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Renee M. Ortega
Merrillville, Indiana

ATTORNEY FOR APPELLEE

David P. Matsey
Valparaiso, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Michael Kelley, <br> *Appellant-Defendant,* <br><br> v. <br><br> Wendy Kelley, <br> *Appellee-Plaintiff* | March 7, 2017 <br><br> Court of Appeals Case No. <br> 45A04-1607-DR-1705 <br><br> Appeal from the Lake Circuit Court <br><br> The Honorable George C. Paras, Judge <br><br> Trial Court Cause No. <br> 45C01-1407-DR-672 |

**Altice, Judge.**

## Case Summary

[1] Michael Kelley (Husband) appeals from the dissolution court's order dissolving his marriage to Wendy Kelley (Wife). On appeal, Husband argues that the dissolution court abused its discretion in dividing the marital estate.

[2] We affirm.

## Facts & Procedural History

[3] On May 30, 2008—prior to the marriage—Wife received a distribution from her grandfather's estate in the amount of $305,865.26. Wife used the money to purchase what would become the marital home. Although Husband did not contribute financially toward the purchase of the home and Husband and Wife were not yet married at the time of the purchase, both Wife's and Husband's names were included on the deed. Thereafter, on September 29, 2008, Husband and Wife were married. The parties subsequently had one child, a daughter who was born in August 2009.

[4] Aside from the marital home, neither party brought any assets of substantial value into the marriage, nor did the parties accumulate anything of value thereafter. During the marriage, the parties took out a home equity line of credit, which was used for home improvements and other living expenses. At the time of final separation, the loan had a balance of $19,639.28.

[5] On July 28, 2014, Wife filed a petition for dissolution of marriage. An agreed provisional order was approved on January 6, 2015, pursuant to which Wife was awarded sole physical and legal custody of the parties' child and Husband

was awarded parenting time and ordered to pay child support in the amount of $51 per week. Husband was also ordered to return Wife's jewelry in his possession. Husband, however, failed to pay child support and he did not return Wife's jewelry as agreed, later testifying that he had thrown the jewelry into a lake instead.

[6] At the final hearing on March 14, 2016, the parties submitted a partial settlement agreement resolving issues of child custody, parenting time, and child support.[1] The agreement also provided that the parties were awarded any financial accounts in their individual names and any vehicles in their possession and that each party was to be responsible for any debt related to their respective vehicles and any other debts held in their individual names. Further, the parties were to divide their personal property "according to agreements between them" and any items not agreed upon were to be submitted at the final hearing. *Appellant's Appendix* at 17. Thus, the only significant issues remaining for the dissolution court to resolve with respect to property division were the distribution of the marital home and the allocation of the debt owed on the home equity line of credit. At the conclusion of the hearing, the dissolution court took the matter under advisement.

---

[1] They copy of the settlement agreement included in the Appellant's Appendix is incomplete. Specifically, the page reflecting the parties' agreement with respect to custody and parenting time is missing. It is apparent, however, that these issues were resolved by agreement.

[7]     The dissolution court entered its final decree on June 27, 2016, in which it concluded that an unequal distribution of the marital estate was just and reasonable under the circumstances of this case. The dissolution court awarded the marital home to Wife and also allocated liability for the debt owed on the home equity line of credit to Wife. Father now appeals. Additional facts will be provided as necessary.

## Discussion & Decision

[8]     On appeal, Husband argues that the dissolution court abused its discretion in awarding the only marital asset of any significant value—the marital home—solely to Wife. As an initial matter, we note that the dissolution court in this case entered special findings of fact and conclusions thereon pursuant to Ind. Trial Rule 52(A). Accordingly, our standard of review is two-tiered: first, we determine whether the evidence supports the findings and, second, whether the findings support the judgment. *Marion Cnty. Auditor v. Sawmill Creek, LLC*, 964 N.E.2d 213, 216 (Ind. 2012). We view the evidence in the light most favorable to the judgment and defer to the court's findings if they are supported by the evidence or any legitimate inferences flowing therefrom. *Id*. at 216-17. Legal conclusions, on the other hand, are reviewed de novo. *Id.* at 217.

[9]     The disposition of marital assets is within the dissolution court's sound discretion, and we will reverse only for an abuse of that discretion. *Eye v. Eye*, 849 N.E.2d 698, 701 (Ind. Ct. App. 2006). In so doing, we consider only the evidence most favorable to the dissolution court's decision, without reweighing

the evidence or assessing the credibility of witnesses. *Id.* A dissolution court abuses its discretion if its decision is clearly against the logic and effect of the facts and circumstances before the court, or if it has misinterpreted the law or disregards evidence of factors listed in the controlling statute. *Id.*

[10] Pursuant to Ind. Code § 31-15-7-5, the dissolution court is required to divide the marital estate in a just and reasonable manner. An equal division is presumed just and reasonable, but a party may rebut this presumption by presenting evidence that an equitable division would not be just and reasonable, including evidence concerning the following factors:

> (1) The contribution of each spouse to the acquisition of the property, regardless of whether the contribution was income producing.
>
> (2) The extent to which the property was acquired by each spouse:
>
>> (A) before the marriage; or
>>
>> (B) through inheritance or gift.
>
> (3) The economic circumstances of each spouse at the time the disposition of the property is to become effective, including the desirability of awarding the family residence or the right to dwell in the family residence for such periods as the court considers just to the spouse having custody of any children.
>
> (4) The conduct of the parties during the marriage as related to the disposition or dissipation of their property.

(5) The earnings or earning ability of the parties as related to:

> (A) a final division of property; and

> (B) a final determination of the property rights of the parties.

*Id.* A party challenging the dissolution court's division of marital property must overcome a strong presumption that the dissolution court "'considered and complied with the applicable statute, and that presumption is one of the strongest presumptions applicable to our consideration on appeal.'" *McCord v. McCord*, 852 N.E.2d 35, 43 (Ind. Ct. App. 2006) (quoting *DeSalle v. Gentry*, 818 N.E.2d 40, 44 (Ind. Ct. App. 2004)), *trans. denied.* Accordingly, we will reverse a property distribution only if there is no rational basis for the award, and although the circumstances may have justified a different property distribution, we may not substitute our judgment for that of the dissolution court. *Augspurger v. Hudson*, 802 N.E.2d 503, 512 (Ind. Ct. App. 2004).

[11] The dissolution court in this case made several findings relevant to the factors set forth in I.C. § 31-15-7-5. Specifically, the court found that Wife had received the funds used to purchase the marital residence prior to the marriage through gift or inheritance from her family, and that Husband had brought nothing of economic value into the marriage. The court further found that the value of the marital home was $312,500 and that the balance owed on the home equity line of credit was $19,639.28 at the time of final separation. The court further found that Husband had relocated to Florida, where he was working at

Hilton Resorts and making nine dollars per hour, or approximately $18,700 per year.[2] Wife was working full-time for her father's business and earning approximately $38,000 per year. The court also found that although Husband had been employed since the final separation, he had made no child support payments and no contributions toward the payment of property taxes, the home equity loan, or maintenance of the marital home.[3] In considering the impact of these facts on the division of property, the court made the following findings:

> 17. Wife's contribution of effectually of all of [sic] the marital assets rebuts an equal division of property. Wife is responsible for the contribution of virtually all of the marital property. The only marital asset of any value is the Marital Home. It is undisputed that the exclusive source of this property was the funds provided to the Parties by Wife's family. The extent that the marital property was acquired by Wife through gift from her family rebuts an equal division of property. Husband brought nothing of material value into the marriage and, in fact, without the gift of funds from Wife's family to acquire the Marital Home, the Parties would not have been able to purchase such a home. This was not a long term marriage nor was it a marriage where the Parties, through joint or individual efforts, accumulated any assets during the marriage.

---

[2] We note that Husband testified he made an hourly wage plus commission, and that with commission, he could make as much as $2,000 per week.

[3] Husband seems to take issue with the dissolution court's finding that he made no payments toward marital debts and obligations during the dissolution proceedings. Specifically, he notes that the provisional order did not require him to make such payments. It should be noted, however, that the provisional order did not allocate responsibility for these debts and obligations to Wife, either. Rather, the provisional order simply did not address the issue.

18.  The economic circumstances of the Parties at the time of dissolution also rebut an equal division of the marital estate.  An equal division would give Husband approximately $150,000, presumably in liquid assets, and no debt, and Wife the uncertainty of relocating and finding new shelter for herself and the Parties' daughter and the payment of the debt of $19,639.28.

19.  The conduct of the Parties during the marriage also rebuts an equal division of property.  Husband took and failed to return Wife's jewelry.  Husband has not maintained regular and reliable employment while this case was pending and failed to materially contribute to marital debts and obligations during the provisional period in this case.

20.  Each Party's earnings and earnings ability do not mitigate against and support an unequal division of property.  Husband had employment provided through Wife's Father until he was fired.  He has had short term non-career employment until the present, where he claims he now has career opportunities with Hilton Resorts.  Wife, in the meantime, was employed part-time with her father until the dissolution was filed and now works full time at her Father's business.

21.  It will not be just and reasonable for Husband to be awarded 50% or any substantial portion of the marital assets when he brought nothing of financial value into the marriage, when virtually all of the marital assets resulted from a generous gift from Wife's family, when Husband contributed nothing of economic value to the marriage while married, and when Wife had to bear the full brunt of financially supporting herself and the parties' minor daughter while this matter was pending.

*Appellant's Appendix* at 30-31.

[12] Husband does not appear to dispute any of the dissolution court's factual findings, but instead argues that the facts do not support the court's decision to award the marital residence solely to Wife. In support of his argument, he relies solely on *Swinney v. Swinney*, 419 N.E.2d 996 (Ind. Ct. App. 1981), *trans. denied*. That case, however, is readily distinguishable from this one.

[13] In *Swinney*, this court held that the dissolution court abused its discretion by awarding 97% of the marital estate to the wife where the bulk of the property at issue was acquired during the marriage and by way of gifts made by the wife's father to the husband and wife jointly. *Id.* at 997. Because the property was given to the husband and wife jointly, they were on the same footing with respect to the acquisition of property by way of gift or inheritance. *Id.* at 998. This is unlike the situation presented here, where Wife alone acquired the funds used to purchase the marital home before the marriage. Husband and Wife certainly do not stand in parity when it comes to the acquisition of property either before the marriage or through gift or inheritance.

[14] *Swinney* is distinguishable in a number of other ways as well. Perhaps most notably, in *Swinney*, this court noted that it appeared that the dissolution court "did not consider the family residence, which was primarily the result of gifts from wife's father, to be a part of the 'marital pot.'" *Id.* at 999. This is clearly not the case here, where the dissolution court expressly indicated that the home was a marital asset. Moreover, the marital estate in *Swinney* included several assets—two cars, a savings account valued at $1,010, a checking account valued at $60, household goods valued at $2,000, and the marital home valued at

$40,000. *Id.* at 997.[4] Nevertheless, the dissolution court awarded the husband only one vehicle valued at $1,300 and a few items having only sentimental value. *Id.* In other words, it would have been feasible for the dissolution court in *Swinney* to fashion a somewhat more equitable award without forcing a sale of the marital home the wife was sharing with the parties' children. In this case, however, the marital home is the only asset of any significant value, and in order for it to be divided equally, a sale would be necessary, and the parties' child would lose the only home she had ever known. Additionally, unlike the husband in *Swinney*, Husband dissipated marital assets by disposing of Wife's jewelry.

[15] For all of these reasons, we do not find *Swinney* controlling. The dissolution court's findings are supported by the evidence, and the findings support the judgment with respect to the division of property. We find no abuse of discretion in the dissolution court's distribution of the marital estate.

[16] Judgment affirmed.

[17] Riley, J. and Crone, J., concur.

---

[4] We note that the electronic version of *Swinney* appearing on Westlaw omits this list of assets. The list can be found in the version of the opinion appearing in the bound volume of the North Eastern Reporter.