Shari Lou LUEDKE, Appellant
(Plaintiff below),

v.

Robert Emil LUEDKE, Appellee
(Defendant below).

No. 1285S530.

Supreme Court of Indiana.

Dec. 26, 1985.

John C. Vandivier, Jr., Raber & Vandivier, Danville, for appellant.

F. Robert Lively, Indianapolis, for appellee.

PIVARNIK, Justice.

Appellee Robert Emil Luedke brings this Petition for transfer. Appellant Shari Lou Luedke filed a Petition for Dissolution of Marriage on January 6, 1982, and Appellee filed a counter-petition twelve days later. On November 9, 1982, the trial court entered its judgment and Decree of Dissolution, granting Wife's petition. The decree awarded her custody of the children; ordered Husband to pay $85.00 per week per child for support, in addition to all reasonable medical expenses of the children; determined the distribution of the marital property; and ordered Husband to pay a portion of Wife's attorney's fees. Wife appealed, claiming the trial court had abused its discretion in dividing the marital property and in deciding the amount of her

attorney's fees to be paid by Husband. The Court of Appeals, 476 N.E.2d 853, (Miller, P.J., with Conover, J., and Young, J., concurring) reversed the trial court judgment and held the trial court had abused its discretion in the division of property and order for payment of attorney's fees. The Court of Appeals ordered a new trial on those issues.

We find the Court of Appeals erred on these issues. Accordingly, we vacate the opinion of the Court of Appeals and affirm the trial court.

Other issues were raised by Wife concerning the conduct of the trial judge and admission of certain items of evidence. These issues were disposed of by the Court of Appeals' finding Wife showed no prejudice, and concluding there was no reversible error. Furthermore, no question was raised on appeal concerning the grant of the dissolution, award of child custody, or order for child support. Therefore, we adopt the findings of the Court of Appeals on these issues and consider only the alleged abuse of discretion by the trial judge in dividing the marital property and awarding attorney's fees.

The most significant holding of the Court of Appeals which is presented in this case is that where one spouse is the primary wage earner whose income finances the acquisition of marital assets, and the other spouse is the primary homemaker who earns no income, Ind.Code § 31–1–11.5–11(b)(1) requires a "fifty-fifty" division of the marital property, adjusted by the facts relating to subsections (2)–(5). This "fifty-fifty" starting point will be abandoned only where the trial court determines one spouse has "seriously neglected" his or her role. *Luedke v. Luedke* (1985), Ind.App., 476 N.E.2d 853, 859–860, *reh. denied* (1985), 479 N.E.2d 619. The Court of Appeals further held the rebuttable presumption places the burden on each party to prove an equal division of the marital property in a particular case is not just and reasonable. *Id.*, at 865. We do not so interpret Ind.Code § 31–1–11.5–11(b)(1).

The interpretation of subsections (1) through (5) of Ind.Code § 31–1–11.5–11(b) has been that the trial judge uses these factors in making a division of property and in weighing the evidence of contributions by the parties in the various manners described therein. This sensitive and difficult task of the trial judge to weigh these factors and make a division has been left to his discretion. Perhaps it could be said that in beginning to divide property pursuant to a dissolution of marriage, one's mind *ought* to lean toward an equal division until facts are brought forward to indicate otherwise; but to *require* as a matter of law that the trial judge work from the standpoint of a rebuttable presumption of a "fifty-fifty" split and require any variance to be supported by particular findings of fact, is to put an artificial structure on the factfinding process which may very well impinge the trial judge's ability to openly weigh all the facts and circumstances, giving equal regard to all of them. An examination of all similar cases would undoubtedly show an equal number of times where trial judges have divided assets evenly or have found the evidence to weigh in favor of the homemaker, awarding her more than fifty per cent (50%). Of course, the converse is also true. The reasons for this, even as the Court of Appeals pointed out, is that a complete and thorough examination needs to be made of the quantity and quality of the contribution of both the wage earner and homemaker in order to come to a final determination. The actions of people in the course of daily life are not easily susceptible to mathematical calculation. For this reason, statutory and case law have been interpreted to provide that the Legislature has set guidelines to be used by the trial judge in weighing evidence and dividing property, and case law has been that the trial judge's decision will be found wanting on appeal only if it can be shown that he abused his discretion in applying these guidelines. This was expressed clearly in a similar situation by the Court of Appeals in *Temple v. Temple* (1982), Ind.App., 435 N.E.2d 259, 262:

"Contrary to *Patus,* we find the statutory mandate to consider the contribution of each spouse to the acquisition of the marital property, including the contribution of the homemaker, is a recognition by the Legislature that the homemaking endeavors of both spouses in a marriage have a marital value which contributes to the acquisition of marital property. There is no justification for limiting this factor exclusively to a non-wage earner, primary homemaking spouse. Rather, both functions, homemaking and wage earning, are considerations."

Further, in *Swinney v. Swinney* (1981), Ind.App., 419 N.E.2d 996, 998, *tr. denied* (1981) 426 N.E.2d 658, in discussing Ind. Code § 31–1–11.5–11(b), the Court of Appeals stated:

"The term 'just' invokes a concept of fairness and of not doing wrong to either party; however, 'just and reasonable' does not necessarily mean equal or relatively equal. *In Re Marriage of Osborne* (1977), 174 Ind.App. 598, 605, 369 N.E.2d 653, 656, *tr. denied* (1978). Because a substantial contribution by one spouse under one subparagraph may be offset by the contribution by the other spouse under another subparagraph, the trial court must look to the total circumstances when determining what is just and reasonable and have a rational basis for its action to avoid error. *Id.* 179 Ind.App. at 605, 369 N.E.2d at 657."

*See also Loeb v. Loeb* (1973), 261 Ind. 193, 301 N.E.2d 349; *Van Riper v. Keim* (1982), Ind.App., 437 N.E.2d 130; *Irwin v. Irwin* (1980), Ind.App., 406 N.E.2d 317, *reh. denied* (1980); *Dahlin v. Dahlin* (1979), Ind. App., 397 N.E.2d 606; *In Re Marriage of Julien* (1979), Ind.App., 397 N.E.2d 651, *reh. denied* (1980); *In Re Marriage of Davis* (1979), 182 Ind.App. 342, 395 N.E.2d 1254, *tr. denied* (1979).

■ In the instant case there was no request for the judge to make specific findings of fact or conclusions of law, and he did not do so. Furthermore, although the decree distributed particular items to each party in a detailed manner, there was neither finding nor mention by the trial judge of the value of each particular item. Thus, the fixing of a percentage of the total that each party received, is a matter of calculation which may vary with the one doing the calculating. This is apparent from the fact that in this case, as in most cases, differing values were given by the parties for a great many of the items. The record shows the trial judge heard evidence on this matter for eight days, during which each party testified to their own values of items and contributions. Many of the items distributed were the subject of testimony by the parties stating their desire to have particular items. It is apparent the source of these items and their future use were considered by the trial judge. Wife's testimony indicated she did not want the residence because it was too large to manage. However, since she did get custody of the children, she did testify that she desired cash to purchase a smaller, more practical home. Consequently, the residence was awarded to Husband, while a large amount of the assets awarded Wife were in cash. It is clear the trial judge spent eight days hearing evidence from the parties and painstakingly distributed the assets. Without detailing each and every item distributed, and upon examining the entire record, we cannot say the trial judge did not reach his conclusion in a fair and reasonable manner. Therefore, we find no basis for determining the trial judge abused his discretion to the extent that reversal is merited.

■ The same analysis must be given the trial court's awarding of attorney's fees to Wife. The trial court has full discretion to award any amount of attorney's fees. This, of course, indicates that this amount can be less than the full reasonable value of the attorney's fees. *McBride v. McBride* (1981), Ind.App., 427 N.E.2d 1148, 1152; *Finley v. Finley* (1981), Ind.App., 422 N.E.2d 289, 294, *tr. denied* (1981); *In Re Marriage of Julien,* Ind.App., 397 N.E.2d at 655; *Delong v. Delong* (1974), 161 Ind.App., 275, 288, 315 N.E.2d 412, 422. The trial judge found the reasonable

amount of attorney's fees to be $11,145.00. He ordered Husband to pay Wife $5,000.00. Although this is slightly less than fifty per cent (50%) of the attorney's fees, this does not indicate abuse of discretion when the facts and circumstances of the entire distribution are considered. For instance, in addition to a distribution and division of all assets of the parties, the trial court ordered Husband to pay Wife $10,000.00 of his assets. In view of all the facts and circumstances of this case we cannot say the trial court abused its discretion in distributing the property to the parties and assessing the attorney's fees, such that reversal of its decree is merited.

The trial court is in all things affirmed.

All Justices concur.