**Sandra S. KIRKMAN, Appellant (Respondent Below),**

v.

**Danny B. KIRKMAN, Appellee (Petitioner Below).**

No. 53S04–9007–CV–451.

Supreme Court of Indiana.

July 6, 1990.

K. Edwin Applegate, Applegate Law Offices, Bloomington, for appellant.

Michael L. Carmin, Cotner, Andrews, Mann & Chapman, Bloomington, for appellee.

DICKSON, Justice.

Sandra S. Kirkman appealed following the entry of a decree dissolving her marriage with Danny B. Kirkman. In a memorandum decision the Court of Appeals declined to find error as to child support and attorney fees but remanded for an evidentiary hearing and findings regarding Danny's pension, and for specific findings and reconsideration of the property distribution.

We grant Danny's petition to transfer to address two of the issues presented therein:

1. Whether Danny's unvested military pension should have been considered "property" subject to division by the trial court.

2. Whether the trial court is required to state its reasons for deviation from an equal division of marital property.

### 1. Pension Inclusion

■ The parties were married on July 23, 1968. A dissolution proceeding was initiated on February 12, 1988, with the final hearing held on July 8, 1988, and the decree entered on July 18, 1988. Danny joined the National Guard in 1969. Because of his continuing accumulation of military service, Danny was expecting a military retirement pension to vest upon completion of 20 years of service. However, at the time of the dissolution decree, Danny had no vested military pension rights, and vesting was still approximately one and one-half years in the future.

The National Guard pension was not included in the division of marital property ordered by the dissolution decree. While its exclusion was not an issue raised in Sandra's appeal, the Court of Appeals *sua sponte* asserted that Danny's National Guard pension would be includable in the marital estate pursuant to *In re Marriage of Adams* (1989), Ind., 535 N.E.2d 124, and remanded for further evidence on this issue.

We disagree. The husband's entitlement to future benefits in *Adams* was found to be "property" in accordance with Ind.Code § 31–1–11.5–2(d)(2) as a right to pension or retirement benefits not forfeited upon termination of employment because he had become qualified for certain retirement benefits by reason of his 20 years of service completed prior to the final dissolution decree. In contrast to *Adams*, Danny Kirkman's right to pension benefits was neither vested nor had it become "not forfeited upon termination" prior to the entry of the dissolution decree. Therefore, without deciding whether *Adams* should be applied retroactively, we hold that the trial court did not err in excluding Danny's pension from the property division.

### 2. Unequal Division Findings

Apart from the pension issue, Sandra urges that the trial court should be required to justify by express findings any deviation from an equal division of property. The Court of Appeals advises that, had it not been for its conclusion that the pension should be included as property subject to distribution, it would have affirmed the trial court without remanding for specific findings to explain an unequal division of marital property. (Memorandum decision, p. 6).

In *Luedke v. Luedke* (1985), Ind., 487 N.E.2d 133, this Court vacated a decision of the Court of Appeals which would have created a rebuttable presumption favoring the equal division of marital property in dissolution cases.

Perhaps it could be said that in beginning to divide property pursuant to a dissolution of marriage, one's mind *ought* to lean toward an equal division until facts are brought forward to indicate otherwise; but to *require* as a matter of law that the trial judge work from the standpoint of a rebuttable presumption of a "fifty-fifty" split and require any variance to be supported by particular findings of fact, is to put an artificial structure on the fact-finding process which may very well impinge the trial judge's ability to openly weigh all the facts and

circumstances, giving equal regard to all of them [emphasis in original].

487 N.E.2d at 134. In 1987, after our decision in *Luedke*, a rebuttable presumption was enacted by the legislature. Ind. Code § 31–1–11.5–11(c) now requires trial courts to presume an equal division of marital property between the parties absent rebuttal by evidence that an equal division would not be just and reasonable.

Following this legislative adoption of the equal division presumption, the Court of Appeals held that a deviation from the presumption requires a trial court to enter findings explaining "its reasons for deviating from the presumption of an equal division." *In re Marriage of Davidson* (1989), Ind.App., 540 N.E.2d 641, 646. While asserting that the statutory presumption "speaks not in terms of approximation, but rather in terms of exactitude," 540 N.E.2d at 645, the *Davidson* order of remand was obviously necessary primarily due to the trial court's implied award of an inheritance to the husband, resulting in a grossly disparate 70%–30% property division between the parties.

While we agree that the statutory presumption must be followed absent evidence that an equal division would not be just and reasonable, express trial court findings will not be compelled for insubstantial deviations from precise mathematical equality. We therefore decline to remand to the trial court for further specific findings.

Except to the extent contrary to the foregoing opinion, the remainder of the decision of the Court of Appeals is summarily affirmed. Ind.Appellate Rule 11(B)(3). The judgment of the trial court is affirmed.

SHEPARD, C.J., and DeBRULER, GIVAN and PIVARNIK, JJ., concur.