**In re Donald Richard WARFIELD, Debtor.**

Bankruptcy No. 92–91810–BHL–7.

United States Bankruptcy Court,
S.D. Indiana,
New Albany Division.

June 23, 1993.

David G. Walton, Jr., Columbus, IN, for debtor.

Lisa Koch Bryant, Rubin Hays & Foley, Louisville, KY, for creditor.

### MEMORANDUM

BASIL H. LORCH, Bankruptcy Judge.

This matter is before the Court on the MOTION FOR AVOIDANCE OF LIEN which was filed on January 21, 1993. The OBJECTION TO MOTION FOR AVOIDANCE OF LIEN was filed on February 10, 1993. The DEBTOR'S BRIEF IN SUPPORT OF MOTION FOR AVOIDANCE OF LIEN was filed on May 24, 1993. The creditor filed a RESPONSE TO MOTION TO AVOID LIEN on May 24, 1993.

### FACTS

The parties have stipulated to the following facts.

1. That the parties hereto were previously married, and that said marriage was dissolved pursuant to a Decree entered by the Bartholomew Circuit Court on April 26, 1991, under Cause No. 03C01–9002–DR–147.

2. That a true and accurate copy of said Decree of Dissolution is attached [to the Stipulation of Facts] and hereby incorporated by reference as Exhibit "A".[1]

3. That said Decree of Dissolution incorporates all of the rights and obligations each of the parties has toward the other with regard to the issues of marital property and joint indebtedness.

4. That the real property and improvements in which the Plaintiff owns an interest as joint tenants with rights of survivorship with Debra Liggett, which property is located at R.R.2, Box 315A, North Vernon, Indiana, was acquired by the Plaintiff in August, 1992, after the dissolution of this marriage to Defendant, and that Defendant's only interest therein is that of a judicial lien thereon pursuant to the judgment awarded her in the Decree of Dissolution.

---

1. The pertinent provisions of the divorce decree are subsequently set forth.

## DISCUSSION

At the outset, this Court notes that it has jurisdiction over this matter pursuant to 28 U.S.C. § 157; 28 U.S.C. § 1334; 11 U.S.C. § 522; and the Standing Order of the United States District Court for the Southern District of Indiana effective since July 11, 1984, which automatically refers bankruptcy cases to this Court for hearing and determination. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(K).

The Debtor seeks to invoke the provisions of 11 U.S.C. § 522(f)(1) and avoid the judicial lien that his ex-wife has by virtue of the decree of Dissolution of Marriage entered the 26th day of April, 1991, by the Bartholomew County Circuit Court. The Debtor contends that this judgment impairs his exemptions in real estate located at Rural Route 2, Box 315A, North Vernon, Indiana and his pension, 401–K annual savings and PAYSOP at Cummins Engine Company.

The pertinent provisions of the divorce decree are as follows:

6. Mr. Warfield shall have as his own property free and clear of any claim or interest of Mrs. Warfield, except as hereinafter provides, the following:

A. Household goods presently in his possession, control and custody.

B. His pension at Cummins Engine Company, his PAYSOP, his 401–K and his Annual Savings, all at Cummins....

8. As and for her additional interest in the marital estate, a judgment in the amount of Eleven Thousand Nine Hundred Thirty–Seven Dollars ($11,937.00) is hereby entered against Mr. Warfield in Mrs. Warfield's favor. The judgment shall bear interest at the statutory rate until paid in full from the date of this judgment, which amount after reduction by liabilities and the value of the Datsun, represents one hundred percent (100%) of the marital estate as indicated by the evidence. Such award is based upon a full consideration of the various factors as delineated in I.C. 31–1–11.5–11, and the fact that Mrs.

Warfield has incurred attorney fees of One Thousand Two Hundred Sixty Dollars ($1,260.00) and that Mr. Warfield is in arrears in child support in the approximate amount of Four Thousand Four Hundred Twenty–One Dollars ($4,421.00) and based upon the fact that Mrs. Warfield's contribution to the marital estate exceeds the presumptive fifty percent (50%) level; Mrs. Warfield's future earning capacity is substantially less than Mr. Warfield's; and her present economic circumstances are such that an amount in excess of fifty percent (50%) of the marital property should be awarded to her....

13. The judgment of Mrs. Warfield in the amount of Eleven Thousand Nine Hundred Thirty–Seven Dollars ($11,937.00) plus interest shall be a lien against Mr. Warfield's pension, 401–K, Annual Savings and PAYSOP at Cummins Engine Company and Mrs. Warfield, to the extent possible, may execute against such assets to satisfy the judgment herein provided in the event of failure on the part of Mr. Warfield to pay such judgment or any part thereof as herein required or allowed by the Court (including the amount over $7,860.00) and any payments made from such funds, whether pension or 401–K, etc., shall be paid first to the Clerk of the Bartholomew Circuit Court in order to satisfy the remaining amount of any judgment owned by Mrs. Warfield and then to Mr. Warfield.

Both parties have cited the Court to the 1991 Supreme Court decision of *Farrey v. Sanderfoot,* —— U.S. ——, 111 S.Ct. 1825, 114 L.Ed.2d 337 (1991) to support their opposite positions. The *Sanderfoot* decision did clearly enumerate the requirements for avoiding a judgment lien under § 522(f)(1). Pursuant to *Sanderfoot,* these requirements consist of the following:

(1) The lien must be a judicial lien.

(2) The Debtor must be entitled to an exemption which this lien impairs.

(3) The lien may be avoided only when the lien attaches to a Debtor's interest at some point after the Debtor obtains the interest.

*Id.* at ——, 111 S.Ct. at 1828; 11 U.S.C. § 522(f)(1).

■ In the present controversy, the Debtor has claimed real estate which he owns as joint tenants with right of survivorship with his current wife, as well as his interests in his pension and profit-sharing plan as exempt on Schedule C of his Bankruptcy Petition. Indiana has opted out of the federal exemptions, and an Indiana resident's exemptions are controlled by I.C. 34–2–28–1, which, on its face, would allow the Debtor to claim both of these items as exempt.[2] The real issue presented by this case is whether or not the Debtor can satisfy the third requirement of § 522(f)(1) for avoiding a judicial lien. That is, did Warfield possess the interest in the pension plan and real estate before Eubank's lien attached to them? The *Sanderfoot* Court set forth a thorough discussion of the effect of Section 522(f)(1). Specifically, the Court ruled:

Section 522(f)(1) does not state that any fixing of a lien may be avoided; instead, it permits avoidance of the "fixing of a lien on interest of the debtor." If the fixing took place before the debtor acquired that interest, the "fixing" by definition was not on the debtor's interest. Nor could the statute apply given its purpose of preventing a creditor from beating the debtor to the courthouse, since the debtor at no time possessed the interest without the judicial lien. There would be no fixing because the lien was already there. To permit lien avoidance in the circumstances, would be to allow judicial lienholders to be defrauded through the conveyance of an encumbered interest to a prospective debtor.... For these reasons, it is settled

that a debtor cannot use § 522(f)(1) to avoid a lien on an interest acquired after the lien attached.... As before the critical inquiry remains whether the debtor ever possessed the interest to which the lien fixed, before it fixed....

Whether Sanderfoot ever possessed an interest to which the lien fixed, before it fixed, is a question of state law. Farrey contends that prior to the divorce judgment, she and her husband held title to real estate in joint tenancy, each possessing an undivided one-half interest. She further asserts that the divorce decree extinguished these previous interests. At the same time and in the same transactions, she concludes, the decree created new interests in place of the old; for Sanderfoot, ownership in fee simple of the house and real estate; for Farrey, various assets and a debt of $29,208.44 secured by a lien on the Sanderfoots' new fee simple interest....

On the assumption that the parties characterize Wisconsin law correctly, Sanderfoot must lose. Under their view, the lien could not have fixed on Sanderfoot's pre-existing undivided half interest because the divorce decree extinguished it. Instead, the only interest that the lien encumbers is debtor's wholly new fee simple interest. The same decree that awarded Sanderfoot his fee simple interest simultaneously granted the lien to Farrey. *As the judgment stated, he acquired the property "free and clear" of any claim "except as provided in this [decree]." ... Sanderfoot took the interest and the lien together, as if he had purchased an already encumbered estate from a third party.* Since Sanderfoot never possessed his new fee simple interest before the lien "fixed", § 522(f)(1) is not available to void the lien.

---

**2.** The Court is aware that certain courts in Indiana have ruled that the portion of Ind.Code § 34–2–28–1 which exempts pensions has been declared to violate the Indiana Constitution. However, the Court is also aware of the decisions to the contrary, and since a determination of that question would not change the result in

this case, the Court will not address that interesting question at this time. *In re Horner,* TH 92–78–C (S.D.Ind.1992); *Tabor v. Garvin, (In re Garvin),* 129 B.R. 598 (Bkrtcy.S.D.Ind.1991). *Hunter v. Claffey,* IP 90 1718–C (Bkrtcy.S.D.Ind. 1992).

The same result follows even if the divorce decree did not extinguish the couple's pre-existing interests but instead merely reordered them....

*Id.* at ——————, 111 S.Ct. at 1830–31 (emphasis added to highlight the similarity of the language in the divorce decrees).

Pursuant to the *Sanderfoot* rationale, it is clear that the debtor cannot avoid the lien on the real estate. The real estate was purchased, subsequent to the divorce, by the debtor and his new wife. Thus, to the extent the Eubank's lien attached to the real estate now owned by the debtor, it cannot be avoided.

█ The pension plan presents a more difficult question. The Debtor correctly asserts that in a real property setting, the change of ownership at the time of the granting of Decree of Dissolution is clear and that neither spouse possesses an individual interest prior to that date if the property was held by the entireties. Certainly, it was clear in *Sanderfoot* that the Debtors' fee simple ownership of the real estate constituted new title and a new ownership interest. Debtor asserts that "legal title to the pension plans has always been in his name alone." Since Eubanks has not provided any evidence to refute this contention, the Court will accept it as true.

However, in Indiana, the wife did have certain claims on this asset of the husband prior to the dissolution. Indiana Code § 31–1–11.5–11 governs the disposition of property in divorces in Indiana. This statute provides that a court is to divide the property of the parties:

> [W]hether owned by either spouse prior to the marriage, acquired by either spouse in his or her own right after the marriage and prior to the final separation of the parties, or acquired by their joint efforts, in a just and reasonable manner ... The court shall presume that an equal division of the marital property between the parties is just and reasonable.

Indeed, in the case at bar, the Divorce Decree awarded the wife more than 50% of the marital property.

█ It is well established that vested pension rights and retirement benefits are marital property in Indiana. *Kirkman v. Kirkman,* 555 N.E.2d 1293 (Ind.1990); *In re Marriage of Adams,* 535 N.E.2d 124 (Ind.1989); *Qazi v. Qazi,* 546 N.E.2d 866 (Ind.Ct.App.1989); *Porter v. Porter,* 526 N.E.2d 219 (Ind.Ct.App.1988).

Although it is undisputed that "title" to the property always remained in the debtor/husband's name, such fact is not controlling in a divorce context in Indiana. The asset was subject to the presumptive "50–50 split" established by the Indiana dissolution statute. As stated by the Indiana Court of Appeals: "[t]he one-pot theory preserved by Ind.Code 31–1–11.5–11(b) specifically prohibits the exclusion of any assets from the scope of the trial court's power to divide and award." *In re Marriage of Dreflak,* 393 N.E.2d 773, 776 (Ind.Ct.App.1979). As a result, the court found the trial court erred in excluding the husband's inheritance from the marital property. *See also, In re Marriage of Davidson,* 540 N.E.2d 641, 646 (Ind.Ct.App. 1989). ("We note that regardless of its source, property owned by the parties, including property acquired by inheritance, shall not be excluded from the marital assets, or placed beyond the trial court's authority for division."); *McBride v. McBride,* 427 N.E.2d 1148 (Ind.Ct.App. 1981).

The Decree of Dissolution cut off the non-debtor spouse's interest in those pension and profit-sharing plans. That interest, though never reflected by "title", was real and enforceable under the laws of the State of Indiana. That interest was vested although undetermined, and the Court, when transferring that interest to the Debtor simultaneously placed a lien on that property of the Debtor. Many courts prior to the *Sanderfoot* decision noted that such simultaneous attaching of liens did not violate Congress's intent as expressed in § 522(f)(1). *Hart v. Hart,* 50 B.R. 956 (Bankr.D.Nev.1985). And the Supreme Court in *Sanderfoot* quoted the House Report as follows:

"The first right [§ 522(f)(1)] allows the debtor to undue the actions of creditors that bring legal action against the debtor shortly before bankruptcy. Bankruptcy exists to provide relief for an overburdened debtor. If a creditor beats the debtor into court, the debtor is nevertheless entitled to his exemptions."

*Sanderfoot*, —— U.S. at ——, 111 S.Ct. at 1829 (quoting H.R.Rep. No. 595). This desire to stop the "race to the courthouse" does not exist in the case of simultaneously created liens and to avoid them would not appear to further any interests of the statute passed by Congress.

As noted, the *Sanderfoot* situation involved real estate rather than personal property and thus presented somewhat different questions because of the concept of legal "title" to real estate. However, this Court does not find that a different result should be reached when personal property is involved. In the case of *In the Matter of Brockman*, 143 B.R. 703 (Bkrtcy.S.D.Iowa 1992) the court applied the *Sanderfoot* rationale to a situation involving personal property. The *Brockman* court found that the lien which attached to personal property at the time of the divorce could not be avoided. *Id.* at 707.

In Indiana, as in Iowa, the concept that ownership of property, whether real or personal, is determined by possession of title has been abrogated. Thus, just as Mr. Sanderfoot never possessed his new "fee simple interest" before the lien "fixed", and § 522(f)(1) was not available to him, that section is not available to Debtor in the current situation. This result is reached since the Debtor never possessed his new interest in the property prior to the fixing of Eubank's lien. There is well established public policy which favors the equal distribution of property in divorce settings in the State of Indiana. Not allowing Eubank's lien to be avoided promotes and preserves that policy.

The Court also notes that, pursuant to the Divorce Decree, $4,421.00 of the lien represents child support arrearage. Pursuant to 11 U.S.C. § 523(a)(5), debts which are in the nature of actual child support are excepted from discharge. Thus, even if the court had reached a different conclusion, that portion of the lien could not be avoided.

Therefore, after having duly considered the foregoing, as well as the relevant statutory law, case law, and other authority, the Court hereby DENIES the MOTION FOR AVOIDANCE OF LIEN.

IT IS SO ORDERED.

### ORDER

This matter is before the Court on the MOTION FOR AVOIDANCE OF LIEN which was filed on January 21, 1993. The OBJECTION TO MOTION FOR AVOIDANCE OF LIEN was filed on February 10, 1993. The Debtor's BRIEF IN SUPPORT OF MOTION FOR AVOIDANCE OF LIEN was filed on May 24, 1993. The creditor filed a RESPONSE TO MOTION TO AVOID LIEN on May 24, 1993.

THEREFORE, after having duly considered the foregoing, as well as the relevant statutory law, case law and other authority, the Court hereby DENIES the MOTION FOR AVOIDANCE OF LIEN.

SO ORDERED.