Dennis TRACY, Appellant–Respondent,

v.

Suzanne TRACY, Appellee–Petitioner.

No. 45A03–9808–CV–369.

Court of Appeals of Indiana.

Aug. 20, 1999.

Publication Ordered Sept. 10, 1999.

Clifford E. Duggan, Jr., Dull and Duggan, Merrillville, Indiana, Attorney for Appellant.

Irene C. Gasparis, Crown Point, Indiana, Attorney for Appellee.

## OPINION

FRIEDLANDER, Judge

Dennis Tracy appeals from the trial court's judgment, with regard to the division of property, in the dissolution of his

marriage to Suzanne Tracy. As restated, Dennis raises one issue for review:

Did the trial court err by including and valuing as marital assets Dennis's contributions and the interest thereon within his non-vested police pension fund?

We affirm.

The parties were married in July 1992. No children were born during the marriage. In October 1996, Suzanne filed a petition for dissolution of the marriage. A final hearing was held in October 1997. The final decree was entered on March 4, 1998.

Although division of some of the marital property or proceeds therefrom was agreed to by the parties, evidence was presented at the final hearing regarding the disposition of the remaining property, including Dennis's non-vested police pension. At the time of the final hearing Dennis had served as a City of Crown Point police officer for approximately 17–1/2 years. It is undisputed that the pension as a whole was not vested.

At the hearing, Dennis testified that if he left his employment before the pension was vested he would receive nothing. The statute regarding police pension funds and the information sent to the trial court by the fund administrator revealed that police officers contribute six percent of their salary to the pension fund. Dennis was entitled to withdraw his contributions plus interest if he separated from his employment prior to the time when the pension became vested.

The information provided by the plan administrator disclosed that Dennis's contributions and interest at the time of the marriage were approximately $16,800. The contributions and interest at the time of the separation were approximately $38,-000. The court concluded that the vested portion of the police pension should be included in the marital assets. The court subtracted the value at the time of the marriage from the value at the time of the separation and concluded that $21,445.92 of the contributions and interest should be included in the marital estate.

The division of marital assets is a matter left to the sound discretion of the trial court. *Hodowal v. Hodowal,* 627 N.E.2d 869 (Ind.Ct.App.1994). A party challenging the division of assets must overcome a strong presumption that the court considered and properly complied with the applicable statutes. *Id.* A trial court abuses its discretion when it misinterprets the law or disregards the evidence regarding factors within the controlling statutes. *Id.*

The property to be included in the marital estate for dissolution of marriage purposes is defined by statute. The statute provides, in pertinent part:

(b) "Property", for purposes of IC 31–15 [disposition of property in dissolution proceedings] ... means all the assets of either party or both parties, including:

\* \* \*

(2) the right to receive pension or retirement benefits that are not forfeited upon termination of employment or that are vested (as defined in Section 411 of the Internal Revenue Code) but that are payable after the dissolution of marriage;

Ind.Code Ann. § 31–9–2–98 (West 1997); *see also In re Marriage of Adams,* 535 N.E.2d 124 (Ind.1989).

In order to include pension benefits as marital property, the benefits must not be forfeited at the termination of employment or the benefits must be vested and payable either before or after the dissolution. *Hodowal v. Hodowal,* 627 N.E.2d 869. The evidence supports the trial court's finding that, while the entire plan was not vested, Dennis would not forfeit his contributions or the interest on his contributions even if he left his employment prior to the time the plan would become vested in its entirety.

Dennis does not dispute, and directs us to the appropriate statutory authority, that "if a member ends his employment other than by death or disability before he completes 20 years of active service, the PERF Board shall return to him in a lump sum his contributions plus interest ...." Ind.Code Ann. § 36–8–8–8 (West 1997). The evidence supports the finding that Dennis had a present right to receive his contributions and the interest thereon at any time he terminated his employment. The trial court did not abuse its discretion by including Dennis's contributions and interest as marital assets.

■■■ Dennis contends that even if the trial court properly included his contributions and the interest, the trial court incorrectly valued the amount of his contributions. The standard for reviewing the trial court's valuation of marital assets in dissolution proceedings is the same as for its distribution of the assets. *Hacker v. Hacker*, 659 N.E.2d 1104 (Ind.Ct.App. 1995). This court will not reweigh evidence and will view the evidence in a light most favorable to the trial court's judgment. *Id.*

■■ Dennis testified that his contributions during the marriage were approximately $8,200. Dennis claims that the figures provided by the pension administrator do not properly reflect the amount of interest he earned on contributions prior to the marriage. In essence, Dennis contends that the interest earned during the marriage on the amounts he had contributed prior to the marriage should be excluded as well.

The pension administrator provided the court with a breakdown of the total contributions and interest at the time of the parties' marriage and at the time of the parties' separation.[1] The trial court subtracted the contributions and interest in the fund at the time of the marriage from the amount at the time of the separation to arrive at the figure it used in valuing the asset. Although the court excluded the amounts Dennis contributed and earned in interest prior to the marriage, he was not required to do so. *See* Ind.Code Ann. § 31–15–7–5 (West 1999) (in determining the distribution of marital assets, the court *may* consider the extent to which the property was acquired before the marriage). The trial court acted within its discretion when it determined that the total interest earned during the marriage was includable in the marital estate.

■■ Dennis complains that the trial court solicited the information regarding his pension from the pension administrator and then based the valuation on that information rather than the parties' evidence. Dennis does not raise a specific allegation of error with analysis and pertinent authority regarding his complaint. Thus, any review is waived.

The trial court did not abuse its discretion by including in the marital assets Dennis's vested contributions and the interest thereon to his non-vested police pension. The trial court did not err in valuing the assets and by awarding an equal distribution of the property.

Judgment affirmed.

BAILEY, J., and STATON, J., concur.

### ORDER

This Court having heretofore handed down its opinion in this case on August 20, 1999, marked Memorandum Decision, Not For Publication; and

Comes now the Court, on its own Motion, and finds that this Court's opinion in this appeal should now be ordered published.

IT IS THEREFORE ORDERED as follows:

This Court's opinion in this case heretofore handed down on August 20, 1999, marked

---

1. The pension administrator termed the pension "non-vested" as a whole, and termed Dennis's contributions and interest as "vested." *Record* at 70.

Memorandum Decision, Not For Publication, is now ordered published.