## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

May 15 2020, 9:12 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Earl R.C. Singleton
Community Legal Clinic
Indiana University
Maurer School of Law
Bloomington, Indiana

IN THE

# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| W. Aaron Robertson,<br>*Appellant-Respondent,*<br><br>v.<br><br>Christy (Robertson) Porter,<br>*Appellee-Petitioner.* | May 15, 2020<br><br>Court of Appeals Case No.<br>19A-DC-2074<br><br>Appeal from the<br>Monroe Circuit Court<br><br>The Honorable<br>Catherine B. Stafford, Judge<br><br>Trial Court Cause No.<br>53C04-1710-DC-489 |

**Kirsch, Judge.**

[1] Following a decree of dissolution, W. Aaron Robertson ("Husband") appeals the trial court's order ("the Order") that settled remaining issues in the

dissolution proceedings between Husband and Christy (Robertson) Porter ("Wife"). Husband raises the following restated issues on appeal:

I. Whether the trial court abused its discretion when it determined that Husband's contributions and the interest thereon to his non-vested firemen pension fund constituted marital property subject to distribution; and

II. Whether the trial court abused its discretion when it calculated his child support obligation because on the child support worksheet the trial court included as subsequently adopted children two children Wife had not yet formally adopted on the date of the order.

We affirm.

## Facts and Procedural History

Husband and Wife were married on June 22, 1996, and two children were born during the marriage. *Appellant's App. Vol. 2* at 114. At the time of the dissolution proceedings, only the youngest child was still a minor and subject to the custody, visitation, and support provisions. *Id*. at 115, 145. On October 19, 2017, Wife filed her Petition for Dissolution of Marriage. *Id*. at 3, 12-14. On November 14, 2017, the trial court entered a provisional order, granting Wife physical custody of the minor child and ordering Husband to pay $162.00 per week for child support, along with $300.00 a month in spousal maintenance due to Wife's disability and inability to find employment. *Id*. at 27-28. On October 30, 2018, after the parties participated in mediation, the trial court entered a partial mediated settlement agreement and a decree of dissolution. *Id*.

at 114-19. Under the agreement, the parties shared legal custody of the minor child, with Wife receiving primary physical custody, subject to parenting time by Husband. *Id.* at 115-16. Husband agreed to pay Wife $153.00 a week in child support and to provide healthcare insurance for the minor child. *Id.* at 117. All issues not resolved by the agreement were set for resolution at a final hearing. *Id.* at 118. On December 15, 2018, the minor child began residing with Husband full time, with the approval of Wife. *Id.* at 144; *Tr.* at 93, 101-02.

[4] At the time of the dissolution proceedings, Husband was employed as a firefighter for the Monroe Fire Department and had worked as a firefighter for almost twenty years at the time of the filing of petition for dissolution. *Tr.* at 120. As of October 19, 2017, he had been contributing to a retirement account through the 1977 Police Officers' and Firefighters' Retirement Fund for approximately eighteen years but had not yet been fully vested in the account. *Id.* at 120-21; *Appellant's App. Vol. 2* at 145. Although not vested as of the date of the filing of the petition for dissolution, Husband had a balance of $56,303.20 in the Annuity Savings Account ("ASA"). *Appellant's App. Vol. 2* at 145. Husband could access the funds stored in the ASA; however, by accessing such funds before retirement he would forfeit his pension benefits. *Id.*; *Tr.* at 122, 138.

[5] On February 19, 2019, Husband filed a brief arguing that his 1977 Police Officers' and Firefighters' Retirement Fund did not satisfy the definition of "property" under the Indiana Code because he did not have the present right to withdraw pension benefits and was not vested and would forfeit the benefits on

any termination of his employment. *Appellant's App. Vol. 2* at 123-25. Wife filed a response, arguing that regardless of any benefits received upon retirement, the current balance of the ASA constituted marital property that should be considered marital property and be subject to division. *Id*. at 141-42.

On April 9, 2019, the trial court issued an order resolving the remaining issues in the dissolution. *Id*. at 143-52. In the order, the trial court agreed with Husband that the pension itself was not marital property but found that Husband had a present right to the ASA and that the ASA portion of the pension fund in the amount of $56,303.20 constituted marital property. *Id*. at 148. Husband retained primary custody of the minor child, and the trial court ordered Husband to pay $11.00 per week in child support. *Id*. at 145-46. In calculating this child support amount, the trial court included a subsequent child credit for Wife on the child support worksheet, which represented two nieces that Wife was in the process of adopting during the dissolution proceedings. *Id*. at 144, 152. The two girls were daughters of Wife's grandniece and were placed in her care by the Department of Child Services. *Id*. at 144. Although the adoption was not final on the date of the final order, it became final on April 30, 2019. *Id*. at 180. The trial court also ordered Husband to make a property equalization payment of $28,917.10. *Id*. at 150. Husband filed a motion to correct error, specifically challenging the division of the ASA portion of his pension and the amount of child support he was ordered to pay because the amount was calculated using the subsequent child credit but the children were not yet adopted at the time of the final order. *Id*. at 153-57.

The motion to correct error was deemed denied on August 7, 2019. Husband now appeals.

## Discussion and Decision

[7] We begin by noting that Wife has not filed an appellee's brief. When an appellee fails to file a brief, we need not undertake the burden of developing an argument on appellee's behalf. *C.V. v. C.R.*, 64 N.E.3d 850, 852 (Ind. Ct. App. 2016). Instead, applying a less stringent standard of review, we may reverse the trial court' s judgment if the appellant can prove a case of *prima facie* error. *Id.* "*Prima facie* error in this context is defined as, 'at first sight, on first appearance, or on the face of it.'" *Trinity Homes, LLC v. Fang*, 848 N.E.2d 1065, 1068 (Ind. 2006) (quoting *Santana v. Santana,* 708 N.E.2d 886, 887 (Ind. Ct. App. 1999)).

## I.    Marital Property

[8] The division of marital property is within the sound discretion of the trial court, and we will reverse only for an abuse of discretion. *Love v. Love*, 10 N.E.3d 1005, 1012 (Ind. Ct. App. 2014). We will reverse a trial court's division of marital property only if the result is clearly against the logic and effect of the facts and circumstances, including the reasonable inferences to be drawn therefrom. *Luttrell v. Luttrell*, 994 N.E.2d 298, 301 (Ind. Ct. App. 2013), *trans. denied*. When we review a claim that the trial court improperly divided marital property, we consider only the evidence most favorable to the trial court's disposition of the property without reweighing evidence or assessing witness credibility. *In re the Marriage of Marek*, 47 N.E.3d 1283, 1288-89 (Ind. Ct. App.

2016), *trans. denied*. "Although the facts and reasonable inferences might allow for a conclusion different from that reached by the trial court, we will not substitute our judgment for that of the trial court." *Id*. at 1289.

[9] Husband argues that the trial court abused its discretion when it determined that the ASA portion of his retirement fund was marital property subject to division. Husband contends that the ASA did not constitute property under Indiana Code section 31-9-2-98(b) because he did not have a present right to withdraw his pension benefits, and because he had not yet reached twenty years of service during the marriage, he had not acquired the right to the benefit of the pension during the marriage. He further claims that the ASA could not be considered to be property because his benefits under his retirement fund were not vested at the time of dissolution because he had no present or future right to the benefits and he had no future right to earn benefits that would not be forfeited upon termination. Essentially, Husband asserts that, because his benefits under his retirement fund were not vested at the time of dissolution, the ASA could not be considered marital property.

[10] The property to be included in the marital estate for dissolution of marriage purposes is defined by statute. The statute provides, in pertinent part:

> "Property," for purposes of [Indiana Code] 31-15 [disposition of property in dissolution proceedings,] . . . means all the assets of either party or both parties, including:
>
> (1) a present right to withdraw pension or retirement benefits;

(2) the right to receive pension or retirement benefits that are not forfeited upon termination of employment or that are vested (as defined in Section 411 of the Internal Revenue Code) but that are payable after the dissolution of marriage; and

(3) the right to receive disposable retired or retainer pay (as defined in 10 U.S.C. 1408(a)) acquired during the marriage that is or may be payable after the dissolution of marriage.

Ind. Code § 31-9-2-98(b). In order to include pension benefits as marital property, the benefits must not be forfeited at the termination of employment or the benefits must be vested and payable either before or after the dissolution. *Tracy v. Tracy*, 717 N.E.2d 183, 185 (Ind. Ct. App. 1999) (citing *Hodowal v. Hodowal,* 627 N.E.2d 869, 873 (Ind. Ct. App. 1994), *trans. denied*).

[11] Husband relies on several cases to support his contention that, because his retirement fund benefits had not yet vested, it was an abuse of discretion for the trial court to determine that the ASA portion of his retirement fund, which consisted of his contributions and the interest thereon at the time of dissolution, could be considered marital property. However, all of these cases dealt with the issue of whether pensions or future retirement benefits were properly considered to be marital property. *See Kirkman v. Kirkman*, 555 N.E.2d 1293, 1294 (Ind. 1990) (finding that husband's pension should have been excluded from the property division because his right to pension benefits was neither vested nor had it become "not forfeited upon termination" prior to the entry of the dissolution decree); *In re the Marriage of Adams*, 535 N.E.2d 124, 125-26 (Ind. 1989) (pension benefits should have been included in marital property because,

although not yet retired, husband had completed twenty years of service and his pension benefits were no longer forfeitable upon termination); *Hill v. Hill*, 863 N.E.2d 456, 461 (Ind. Ct. App. 2007) (finding that husband's pension was marital property subject to division because he was currently receiving payments from his pension plan at the time of dissolution and clearly has "a present right to withdraw pension or retirement benefits"); *Bizik v. Bizik*, 753 N.E.2d 762, 768 (Ind. Ct. App. 2001) (concluding that the trial court improperly included husband's Executive Supplemental Plan as an asset in the marital pot for division because it was not a pension or retirement plan that he has a present vested right from which to withdraw benefits at the time of dissolution), *trans. denied*; *In re the Marriage of Preston*, 704 N.E.2d 1093, 1097-98 (Ind. Ct. App. 1999) (finding that husband's retirement plan was properly considered as marital property subject to division because his retirement benefits had vested at the time of dissolution and his right to receive benefits was "not forfeitable upon termination" of his contract); *Skirvin v. Skirvin*, 560 N.E.2d 1263, 1265 (Ind. Ct. App. 1990) (trial court correctly excluded husband's pension from the marital pot because it was not expected to vest until after the decree of dissolution was entered), *trans. denied*.

[12]     The present case is instead on all fours with *Tracy v. Tracy*, 717 N.E.2d 183 (Ind. Ct. App. 1999).  In that case, the issue was whether the trial court abused its discretion when it included and valued as marital assets husband's contributions and the interest thereon within his non-vested police pension fund.  *Id*. at 185.  This court found that the evidence supported the trial court's

finding that, while the entire plan was not vested, husband would not forfeit his contributions or the interest on his contributions even if he left his employment prior to the time the plan would become vested in its entirety. *Id.* In coming to this conclusion, this court cited to the version of Indiana Code section 36-8-8-8 effective at the time, which stated "[i]f a fund member ends his employment other than by death or disability before he completes twenty (20) years of active service, the PERF Board shall return to him in a lump sum his contributions plus interest . . . ." Ind. Code § 36-8-8-8(b) (West 1997). Because the evidence supported the trial court's finding that the husband had a present right to receive his contributions and the interest thereon at any time he terminated his employment, we held that there was no abuse of discretion by including his contributions and interest as marital assets. *Tracy*, 717 N.E.2d at 186.

[13] In the present case, the trial court determined Husband's ASA portion of his retirement fund, which included his contributions and interest thereon, to be marital property subject to division. The trial court did not find that Husband's pension and future retirement benefits were marital property; instead, the trial court made the same determination as the trial court in *Tracy*, which was found not to be an abuse of discretion. The current version of Indiana Code section 36-8-8-8, which has not been modified in any significant manner, states, "if a fund member ends the fund member's employment other than by death or disability before the fund member completes twenty (20) years of active service, the system board shall return to the fund member in a lump sum the fund member's contributions plus interest . . . ." Ind. Code § 36-8-8-8(c). Therefore,

here, as in *Tracy*, although Husband's entire retirement fund had not vested, the evidence showed that Husband would not forfeit his contributions or the interest on his contributions even if he left his employment prior to the time the retirement fund would become vested in its entirety. The trial court did not abuse its discretion when it determined that the ASA portion of Husband's retirement fund was marital property and subject to division.

## II. Child Support

[14] A trial court's calculation of child support is presumptively valid. *Bogner v. Bogner,* 29 N.E.3d 733, 738 (Ind. 2015). We review decisions regarding child support for an abuse of discretion. *Mitten v. Mitten*, 44 N.E.3d 695, 699 (Ind. Ct. App. 2015). An abuse of discretion occurs when a trial court's decision is against the logic and effect of the facts and circumstances before the court or if the court has misinterpreted the law. *Id.* When reviewing a decision for an abuse of discretion, we consider only the evidence and reasonable inferences favorable to the judgment. *Id.*

[15] Husband argues that the trial court abused its discretion in its calculation of his child support amount because it erroneously included a credit for the two children that Wife was in the process of adopting. Husband asserts that this credit for subsequently adopted children should not have been given to Wife because, at the time of the April 9, 2019 order, the adoption of the two children was not final. Because the adoption was not final as of the date of the order,

Husband asserts that Wife did not have a court-sanctioned legal duty to care for the two children, and the credit should not have been applied.

[16] Pursuant to Indiana Child Support Guideline 3(C), after weekly gross income is determined for each parent, certain reductions are allowed in computing weekly adjusted income, which is the amount upon which child support is based. Pursuant to Child Support Guideline 3(C)(1), "[t]here shall be an adjustment to Weekly Gross Income of parents who have a legal duty or court order to support children (1) born or legally adopted subsequent to the birthdate(s) of the child(ren) subject of the child support order and (2) that parent is actually meeting or paying that obligation." Husband maintains that Wife did not have a court-sanctioned legal duty to care for the two subsequently adopted children and should not have been given the credit to her weekly gross income.

[17] The commentary in Indiana Child Support Guideline 3(C) provides a two-step process in computing weekly adjusted income. The first step is to determine the number of subsequent born or adopted children and the parent seeking the adjustment has the burden to prove that support is actually paid. *See* Child. Supp. G. 3(C)(1) cmt. 1. The second step is to calculate the subsequent child credit by multiplying the parent's weekly gross income by the use of a multiplier that reduces the parent's weekly gross income. *Id*. The multiplier varies by the number of subsequent children; here, the trial court used 0.097, the multiplier for two subsequent children. *Id*.

[18] In the present case, while the dissolution proceedings were pending, Wife was in the process of adopting the daughters of her grand-niece after the two children had been placed in her care by the Department of Child Services. There is no dispute that the two children were legally adopted subsequent to the birthdate of the child who was the subject of the child support order and that Wife is actually supporting the two children. Although Husband asserts that there was not a court-sanctioned legal duty to care for the two children, there is no dispute that, at all times relevant to the proceedings, Wife was caring for the two children, the two children were living with her, and the two children had been placed in her care by the Department of Child Services. Further, even though on April 9, 2019, the date that the trial court's order establishing child support was entered, the adoption was not yet final, the adoption proceedings were pending, and the adoption became final on April 30, 2019, only three weeks after the ordered was entered. We conclude that Husband has not proven that the trial court abused its discretion in applying the credit on the child support worksheet and in determining child support.

[19] Affirmed.

Najam, J., and Brown, J., concur.