

I N   T H E

# Court of Appeals of Indiana



FILED

Jun 24 2026, 9:12 am

C L E R K
Indiana Supreme Court
Court of Appeals
and Tax Court

**Douglas Hicks,**

*Appellant-Petitioner*

v.

**Rebecca Hicks,**

*Appellee-Respondent*

---

June 24, 2026

Court of Appeals Case No.
25A-DC-2054

Appeal from the Wayne Circuit Court

The Honorable April R. Drake, Judge

Trial Court Cause No.
89C01-2401-DC-2

---

**Opinion by Chief Judge Tavitas**
Judges Weissmann and Foley concur.

**Tavitas, Chief Judge.**

## Case Summary

[1] Douglas Hicks ("Husband") appeals the trial court's dissolution of his marriage to Rebecca Hicks ("Wife"). Husband argues that the trial court abused its discretion in dividing the marital estate. We agree with Husband, and accordingly, we reverse and remand.

## Issue

[2] Husband raises one issue, which we restate as whether the trial court abused its discretion when it divided the marital estate.

## Facts

[3] The parties married in August 1991 and had three children. Husband filed a petition for dissolution of marriage in January 2024. A final hearing was held on November 13, 2024, and February 21, 2025. The parties stipulated that the marital residence was valued at $262,500, with a mortgage balance of $99,200. Husband requested that he be awarded the marital residence, that he be assigned the mortgage debt, and that an unequal division of the marital assets be awarded in his favor due to Wife's higher earning ability. Wife requested that the marital residence be sold to pay the marital debts.

[4] The trial court entered a dissolution decree on May 29, 2025. The trial court determined that Husband's income was $40,000 per year, and Wife's income was $52,126 per year. The trial court further determined that the parties'

marital assets totaled $390,806, and the marital debt totaled $266,705. The trial

court awarded Husband the marital residence and other assets totaling

$272,000, and ordered Husband to pay marital debts, including the mortgage,

totaling $208,719. Husband received a net distribution of $63,281 from the

marital estate. The trial court awarded Wife marital assets totaling $118,806,

and ordered her to pay marital debts totaling $57,986. Wife received a net

distribution of $60,820 from the marital estate. The trial court found that "no

compelling evidence has been presented to deviate from a nearly equal

distribution of marital property. However, because there is some disparity in

current earnings, the Court finds that a slight deviation from a 50-50 split is

warranted in the division of marital assets." Appellant's App. Vol. II p. 23.

The trial court then found:

> 7. Regarding the former marital residence . . . Husband shall
> retain possession of the marital residence and be responsible for
> all obligations, including the mortgage, that pertain to the former
> marital residence from the date of this order.

> 8. [Husband] shall refinance the mortgage to remove [Wife's]
> obligation within ninety (90) days of the issuance of this order.
> Upon [Husband] demonstrating in writing that he has obtained
> the ability to refinance the mortgage and remove [Wife], [Wife]
> shall transfer title of the property to [Husband].

> 9. In the event [Husband] is unable to refinance the mortgage,
> the former marital residence will be listed for sale no later than
> September 5, 2025. Upon sale of the property, and assuming that
> the former marital residence is sold at the currently appraised
> value presented to the Court of $262,500, and allowing for $5,000
> of costs in the selling of the property, the current mortgage shall

be paid in full from the proceeds. **Of the remaining $158,300 in equity from the sale, again, assuming the selling price and costs, that equity shall be divided as follows: the first $51,500 in equity to [Husband] to offset the assignment of liabilities to [Husband], with the remaining amount being divided equally between the parties**.

*Id.* at 23-24 (emphasis added).

Husband filed a motion to correct error and argued, in part, that Finding No. 9 of the dissolution decree should be revised to award Husband all of the proceeds of the sale of the marital residence. Wife disagreed and argued:

If [Husband] can sell the house without any monies transferring to Wife, he would be receiving a lump sum that would allow him to leave this Marriage debt free. No such option is afforded to Wife, which would result in an unjust decision. It's one thing if in the future the parties can make decisions to use their assets to remove all debts. It's quite another to allow [Husband] to sell immediately and find himself in a much more favorable position regarding debt than Wife.

*Id.* at 113. The trial court denied Husband's motion. Husband now appeals.

## Discussion and Decision

Husband challenges the trial court's division of marital assets. "The division of marital assets is within the trial court's discretion, and we will reverse a trial court's decision only for an abuse of discretion." *Kearney v. Claywell*, 181 N.E.3d 336, 339 (Ind. Ct. App. 2021). Additionally, the trial court issued *sua sponte* findings of fact and conclusions thereon. "Where a trial court enters

findings *sua sponte,* the appellate court reviews issues covered by the findings with a two-tiered standard of review that asks whether the evidence supports the findings, and whether the findings support the judgment." *Steele-Giri v. Steele*, 51 N.E.3d 119, 123 (Ind. 2016). "Any issue not covered by the findings is reviewed under the general judgment standard, meaning a reviewing court should affirm based on any legal theory supported by the evidence." *Id.* at 123-24.

[7] When reviewing the accuracy of findings entered *sua sponte*, we first consider whether the evidence supports them. *Fetters v. Fetters*, 26 N.E.3d 1016, 1020 (Ind. Ct. App. 2015), *trans. denied*. Next, we consider whether the findings support the judgment. *Id.* We will disregard a finding only if it is clearly erroneous, meaning the record contains no facts to support it either directly or by inference. *Id.* We will not reweigh the evidence or judge witness credibility. *Id.* "A judgment also is clearly erroneous if it relies on an incorrect legal standard, and we do not defer to a trial court's legal conclusions." *Id.*

[8] "'The party challenging the trial court's property division bears the burden of proof.'" *Meyer v. East*, 205 N.E.3d 1066, 1071 (Ind. Ct. App. 2023) (quoting *Smith v. Smith*, 194 N.E.3d 63, 72 (Ind. Ct. App. 2022)). "That party must overcome a strong presumption that the court complied with the statute and considered the evidence on each of the statutory factors." *Id.*; *see* Ind. Code § 31-15-7-5. "The presumption that a dissolution court correctly followed the law and made all the proper considerations when dividing the property is one of the strongest presumptions applicable to our consideration on appeal." *Meyer*, 205

N.E.3d at 1071 (quoting *Smith*, 194 N.E.3d at 72). "Thus, we will reverse a property distribution only if there is no rational basis for the award." *Id.*

[9] Pursuant to Indiana Code Section 31-15-7-4(b), the trial court "shall divide the property in a just and reasonable manner . . . ." We "presume that an equal division of the marital property between the parties is just and reasonable." Ind. Code § 31-15-7-5. This presumption "may be rebutted by a party who presents relevant evidence, including evidence concerning the following factors, that an equal division would not be just and reasonable":

> (1) The contribution of each spouse to the acquisition of the property, regardless of whether the contribution was income producing.
>
> (2) The extent to which the property was acquired by each spouse:
>
>> (A) before the marriage; or
>>
>> (B) through inheritance or gift.
>
> (3) The economic circumstances of each spouse at the time the disposition of the property is to become effective, including the desirability of awarding the family residence or the right to dwell in the family residence for such periods as the court considers just to the spouse having custody of any children.
>
> (4) The conduct of the parties during the marriage as related to the disposition or dissipation of their property.

(5) The earnings or earning ability of the parties as related to:

> (A) a final division of property; and

> (B) a final determination of the property rights of the parties.

*Id*.

[10] When ordering an unequal division, "the trial court must consider *all of the factors* set out in [Indiana Code Section] 31-15-7-5." *Wallace v. Wallace*, 714 N.E.2d 774, 780 (Ind. Ct. App. 1999) (emphasis added), *trans. denied*. If the trial court focuses "only upon one factor when others are present, a trial court runs the risk of dividing a marital estate in an unreasonable manner." *Id.*

[11] Here, the trial court found that "no compelling evidence" was presented "to deviate from a nearly equal distribution of marital property." Appellant's App. Vol. II p. 23. Accordingly, the trial court seemed to award an equal division of marital property. The trial court, however, then found "because there is some disparity in current earnings, the Court finds that a slight deviation from a 50-50 split is warranted in the division of marital assets." *Id.* Although the trial court mentioned a disparity in current earnings, the trial court failed to make any findings regarding the remaining factors of Indiana Code Section 31-15-7-5.

[12] We acknowledge that the deviation in Husband's favor is indeed slight, 51% to 49%, and that our Supreme Court has held that "express trial court findings [regarding the factors of Indiana Code Section 31-15-7-5] will not be compelled

for insubstantial deviations from precise mathematical equality." *Kirkman v. Kirkman*, 555 N.E.2d 1293, 1294 (Ind. 1990); *see, e.g.*, *J.M. v. N.M.*, 844 N.E.2d 590, 603 (Ind. Ct. App. 2006) (declining to remand for further findings where the 49.117% to 50.883% division was "an insubstantial deviation"), *trans. denied*. Given the insubstantial deviation resulting from the trial court's order, we would be inclined to affirm, but we find further issues in the order, which require reversal.

[13] The problem arises in Finding No. 9, which applies if Husband is unable to refinance the mortgage. In that case, the marital residence must be sold and, "assuming that the former marital residence is sold at the currently appraised value presented to the Court of $262,500, and allowing for $5,000 of costs in the selling of the property, the current mortgage shall be paid in full from the proceeds." Appellant's App. Vol. II p. 24. "Of the remaining $158,300 in equity from the sale, again, assuming the selling price and costs, that equity shall be divided as follows: the first $51,500 in equity to [Husband] to offset the assignment of liabilities to [Husband], with the remaining amount being divided equally between the parties." *Id.*

[14] In this situation, assuming that the marital residence sells for $262,500 and $5,000 in selling costs are incurred and the mortgage balance of $99,200 is paid, Husband will receive $114,400 in marital assets; $109,519 in marital debts; leaving Husband with $4,881. Wife, on the other hand, will receive $172,206 in marital assets; $57,986 in marital debts; leaving Wife with $114,220. Accordingly, if the marital residence must be sold, Husband will receive 4% of

the marital estate, and Wife will receive 96%. This is not a slight or insubstantial deviation. Moreover, the only factor mentioned by the trial court—the disparity in current earnings—favored Husband, not Wife. This factor clearly would not warrant a 4% to 96% deviation in favor of Wife. We, thus, conclude that Finding No. 9 is clearly erroneous.

[15] Given our conclusion that Finding No. 9 is clearly erroneous, we conclude that the trial court abused its discretion in dividing the marital assets. The trial court made no findings that would warrant such an extreme deviation from the presumption of an equal division of marital assets. Given these circumstances, we reverse and remand.

## Conclusion

[16] The trial court's finding regarding the distribution of funds from the sale of the marital residence is clearly erroneous. Accordingly, we conclude that the trial court abused its discretion when it divided the marital assets. We reverse and remand for proceedings consistent with this opinion.

[17] Reversed and remanded.

Weissmann, J., and Foley, J., concur.

ATTORNEYS FOR APPELLANT

Alexander N. Moseley
Adrian Deneen
Dixon & Moseley, P.C.
Indianapolis, Indiana

ATTORNEY FOR APPELLEE

Christopher T. Armour
BBFCS Attorneys
Richmond, Indiana